JAMES BURKE *vs.* THOMAS J. DUNBAR.

Norfolk. Jan. 29. — March 29, 1880. MORTON & SOULE, JJ., absent.

B. agreed in writing to build a sea-wall for A. The contract did not define the exact location of the proposed wall, and said nothing about a pile foundation being required. B. built the wall on the lines pointed out by A., and it proved to be defective for want of a pile foundation. *Held,* that an action would lie against A. for the price agreed to be paid for the wall.

CONTRACT on an agreement in writing, signed by the plaintiff and the defendant, by which the plaintiff agreed to build a sea-wall, of certain dimensions, at Ferry Point in North Weymouth, "in a thorough and workmanlike manner," to the satisfaction of the defendant, for $2 per perch, $100 to be paid on the completion of the front wall, $100 on the completion of one side wall, and the balance on the completion and acceptance of the

work. Answer, a general denial. At the trial in the Superior Court, before *Colburn*, J., there was evidence tending to prove the following facts:

The wall mentioned in the agreement was designed to enclose a permanent wharf for a steamboat landing, to be filled in with earth. The lines of this wall were marked out by an agent of the defendant, who had the superintendence of the work, and the plaintiff began to lay the stones on these lines upon what appeared to him and the agent to be a bed of sand and gravel, and upon which both the plaintiff and the agent thought it would be safe to build the wall. As the work progressed, it appeared that this bed of sand and gravel was merely a stratum over a bed of mud, which was fifteen feet deep at the end wall, and of less depth towards the shore. As soon as the plaintiff found that the foundation of the wall was insufficient, he notified the defendant, who told him to do the best he could to save the wall, and soon after sent a person experienced in building sea-walls to superintend it. This agent put a row of piles outside of the end of the wall, and paid the plaintiff an extra price for putting the stones already laid on these piles, and for making the end wall of a greater thickness than the contract called for. The agent did not furnish a pile foundation for the side walls, which had progressed but a short distance at this time, and he did not object to the plaintiff building these walls without piles.

There was also evidence tending to show that the defendant made the payments called for by the contract upon the completion of the end wall and one of the side walls; and that he accepted the whole work, agreed upon a person to measure the wall, who made the measurement and reported the amount to the parties; and that the defendant agreed to pay the balance to the plaintiff.

The defendant's evidence tended to show that the side walls settled on account of having an improper foundation; that the stones were insufficient in size; and that the wall was not constructed in a thorough and workmanlike manner. But upon all these points the evidence was conflicting.

The defendant asked the judge to rule as follows: " 1. It was the duty of the plaintiff to build the wall, of the dimensions

therein specified, in a thorough and workmanlike manner, and to the acceptance of the defendant. 2. The plaintiff being a wall-builder, and holding himself out as such to the defendant, and the defendant being unskilled, it was the duty of the plaintiff to have learned whether a pile or stone foundation for the wall was required, and so notified the defendant. 3. If, through his own negligence or deceit in obtaining the contract, he constructed the walls in the mud, or upon insecure foundations, by reason of which the walls sank and bilged, and became unfit for the purpose designed, or unfit or insecure as sea-walls, the burden of the loss falls upon the plaintiff, and he is in fault. 4. It was the duty of the plaintiff, under this contract, to have constructed his walls upon a secure foundation. 5. After the plaintiff began to lay his stone, if he found that there was deep mud and an unsafe foundation for the structure, and mud so deep as to endanger the walls, it was his duty to have notified the defendant, and to have ceased filling in the stone; and, after he had reasonable grounds to believe the stones were slipping away and sinking into the mud, he should have ceased laying the wall and laid a foundation, or notified the defendant to lay a foundation. 6. It was the duty of the plaintiff to know whether a foundation was required for the walls, and if required, and he did not regard it as his duty to furnish a foundation, it was his duty, when called upon by the defendant, to supply a foundation before erecting the walls."

The judge gave the first instruction as requested, and, in place of giving the other instructions as requested, instructed the jury that the agreement did not require the plaintiff to furnish a pile or other artificial foundation for the walls; that, as the agreement was silent as to the precise lines upon which the walls were to be built, he was required to build them upon such lines as the defendant, or his agents, marked out; that, if the plaintiff had any knowledge, or grounds of belief, of the insufficiency of the foundation, which he had any reason to believe the defendant or his agents did not have, it was his duty to disclose such knowledge, or grounds of belief, to the defendant or his agents; that if, after he began the wall, he discovered any defect in the foundation not before known to the defendant or his agents, it was his duty to disclose such defect to the defend-

ant or his agents, and cease building the wall on such defective foundation until the defendant or his agents had opportunity to take such action as they saw fit; that, if he built the wall upon a foundation which he knew, or had reason to believe, was defective, without disclosing its condition to the defendant or his agents, and the walls proved defective in consequence, he was not entitled to recover in this action.  But if he disclosed to the defendant or his agents all his knowledge or grounds of belief of any defect in the foundation, and all that he discovered of defect as the work progressed, and built the walls only on such foundations as the defendant furnished, or knew that the wall was being built upon, and the defendant allowed him to proceed without objection, he did all that the agreement required, so far as the foundations were concerned.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. R. Brown & E. A. Alger*, for the defendant.

*J. L. Eldridge*, for the plaintiff.

AMES, J.   As the first instruction requested by the defendant was given, the verdict of the jury imports that the wall was built, of the dimensions specified in the contract, in a thorough and workmanlike manner, and to the acceptance of the defendant.   The evidence reported plainly indicates that, after the work had begun, a difficulty about securing a proper foundation for the wall became manifest, which was not in the contemplation of either party when the contract was entered into.   The plaintiff's undertaking was to build the wall, of the dimensions specified in the written contract.   No special stipulation was made in regard to the foundation, and it was apparently assumed by both parties that the natural foundation would be sufficient without the driving of piles or any special precaution or extraordinary support of any kind.   The instructions given by the court as to the plaintiff's duty under the circumstances as actually developed, appear to us to have been carefully guarded, well adapted to the state of the evidence, and all that could reasonably and fairly be asked for by the defendant.   The jury were told that he had a right to build upon such lines as the defendant or his agents marked out, and that, if he built the wall upon a foundation which he knew or had reason to believe

was defective, without disclosing its condition to the defendant or his agents, and the walls proved defective from that cause, he was not entitled to recover.

We must infer from the verdict, under the instructions given, that he satisfied the jury that he disclosed to the defendant or his agents all his knowledge or grounds of belief of any defect in the foundation, and all that he discovered of defect as the work progressed, and built only on such foundations as the defendant furnished, or knew that the wall was being built upon, the defendant allowing him to proceed without objection. This was all that he was bound by the contract to do.

*Exceptions overruled.*