CHARLES E. SHERMAN *vs.* MABEL W. BUFFINTON.

Barnstable.　January 9, 1917. — September 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Contract*, Rescission, Performance and breach.

In an action by a mason on an account annexed for work and materials furnished for a cottage of the defendant, it appeared that there had been a special contract between the parties for doing certain mason's work at the cottage for an entire price and that this contract required the building of twenty-five concrete piers, concrete basement walls and a chimney with a fireplace of West Barnstable brick, which was brick of a well known quality. This contract afterwards was modified by the substitution of tapestry brick for West Barnstable brick in the fireplace. An auditor found that this was such a radical departure from the original contract as to amount to a revocation of it. *Held*, that this finding was warranted and that the plaintiff might recover on a *quantum meruit*.

In the case above described it appeared that in laying the tapestry brick and building the fireplace the plaintiff followed the personal directions of the defendant and that he used ordinary skill. It further appeared that the fireplace when finished was not a good fireplace and was not constructed in a "workmanlike manner," but that this result was due to the failure of the defendant to furnish the plaintiff with adequate plans and necessary materials. *Held*, that the plaintiff

was not responsible for these defects and, in spite of them, might recover the value of the work and materials furnished.

In the same case it appeared that the plaintiff instead of building the basement walls of concrete, as had been required by an unchanged part of the original contract, built these walls of artificial concrete or cement blocks laid in lime mortar, and that in consequence the walls as constructed were not impervious to water, as they should have been. The auditor found that it would cost $20 to make the walls built equal to those agreed upon and required. On the evidence presented the only way to determine the amount of the deduction from his claim which the plaintiff ought to sustain by reason of his failure to follow the defendant's direction in this respect was to deduct $20 from the total fair value of the work and materials furnished. The judge who heard the case did this. *Held,* that this was right.

CONTRACT for $216.22 on an account annexed as described in the opinion. Writ dated July 6, 1914.

The case was referred to an auditor under a stipulation "that the findings of the auditor on all questions of fact shall be final." The auditor's report was recommitted to him and he filed a supplemental report. Thereafter the plaintiff moved for judgment on the auditor's reports and the defendant moved to recommit the auditor's report and his supplemental report.

These motions were heard by *Jenney,* J. He denied the motion to recommit the reports and granted the plaintiff's motion for the entry of judgment. He ordered that judgment be entered for the plaintiff in the sum of $196.22 with interest from the date of the writ. From the judgment entered in pursuance of this order the defendant appealed.

*J. A. Kerns,* for the defendant.

*J. F. Volk,* for the plaintiff.

RUGG, C. J. This is an action at law upon an account annexed. The case was heard by an auditor upon a stipulation that his findings of facts should be final. The auditor's report shows that a special contract was made for doing certain masonry work at the cottage of the defendant for an entire price. The contract required the building of twenty-five concrete piers, concrete basement walls, and a chimney with a fireplace of a well known quality of brick, called West Barnstable brick. This contract subsequently was modified by the substitution of tapestry brick for West Barnstable brick in the fireplace. This was found by the auditor to be such a radical departure from the original contract as to amount to a revocation of it.

There is no error of law in this finding. It is warranted by the subsidiary facts set forth.

The special contract having been revoked, the rights of the parties depend upon the implied obligation raised by law out of their relations. That obligation on the part of the plaintiff was to furnish appropriate material, so far as he furnished material, and to do his work according to the directions of the defendant or her agent in a workmanlike manner so far as possible under those directions. The obligation of the defendant was to pay for work thus performed and such material furnished what they fairly were worth.

It has been found that in laying the tapestry brick and in building the fireplace the plaintiff followed the personal directions of the defendant and that he used ordinary skill. The fireplace as finished was not a good fireplace and was not constructed in a "workmanlike manner." This result, however, was not due to any fault of the plaintiff, but was due to failure of the defendant to furnish an adequate plan for laying the tapestry brick, to provide a schedule of numbers for the tapestry brick so that they might be laid in such juxtaposition that their colors would blend, to her want of expertness in giving directions as to their laying, and to her failure to furnish firebrick and a sufficient quantity of properly colored mortar.

These findings demonstrate that in the finished work in this respect the plaintiff is in no wise responsible for defects, but that the defects followed as a direct consequence from the failures of the defendant in particulars where she assumed the responsibility.

It was a part of the original contract that the plaintiff should build the basement walls of concrete. As there was no change in this particular made or consented to by the defendant, the plaintiff continued at all times bound to do that work in that way, in order to conform to the directions of the defendant. He did not do this work as thus required, but instead built the basement walls of artificial concrete, or cement blocks laid in lime mortar. A concrete wall such as he was required to build would have been impervious to water, but the wall in fact was not impervious to water. The reason for making this change was that the plaintiff experienced some difficulty in setting forms for building a concrete wall and he thought the cement blocks would be

satisfactory to the defendant. The plaintiff consulted about this with Bradford, a carpenter who in general in behalf of the defendant was supervising 'the plaintiff's work. But she never authorized nor ratified this change. The auditor found that it would cost $20 to make the wall built equal to the wall agreed upon and required. The only way to determine the deduction which the plaintiff ought to sustain by his failure to follow the defendant's direction in this respect is to deduct $20 from the total fair value of the materials furnished and labor performed by him, because there was no evidence whereby the auditor could apply separate items for labor and materials to the walls or piers or fireplace and chimney. That was done by the Superior Court judge.

*Judgment affirmed.*