**10**

Frank A. McGehearty
vs.                     No. 34052
C. W. Nass Company
DECISION
October 19, 1917

BARROWS, J. Heard on exceptions to report of an auditor.

The evidence was not transcribed and the facts as testified to by the parties have been carefully summarized by the auditor. He has found that an express contract was made by plaintiff to build a one-story brick bakery 40 x 100 feet. Defendant was to pay for the cost of materials and the actual price of labor other than plaintiff's, and was to pay plaintiff the sum of 65c per hour, the current rate of a journeyman's wages, and to give to plaintiff at the conclusion of the work a Ford automobile in lieu of other profits.

The auditor has found that this contract, made about Aug. 8, 1913, was abandoned on or before Aug. 18, 1913, and that a different building operation was carried out with no contract or express agreement relative to payment, and, as a result of such finding, has held that the plaintiff is entitled to be paid the reasonable value of his services in additon to 65c per hour for the time actually spent upon the job, which it is admitted the defendant has paid.

The exceptions of defendant center on the proposition that the auditor erred in finding that original contract had abandoned. Defendant urged before the auditor, and now urges before this Court, that the rendering of weekly bills by plaintiff created an estoppel against a claim on quantum meruit for other services than those billed; that plaintiff's present counsel have changed their theory of his rights from that held by his first counsel; that an express contract having been made whereby plaintiff was to receive a Ford car as profit, no recovery can be had on the common counts; that in any event plaintiff

**11**

can recover only extras beyond the one-story building which was the subject of the express contract, because he has stated that he would be satisfied to get the Ford automobile for the one-story brick building.

Most of the law cited by defendant is based on his contention that, conceding the express contract for a one-story building, plaintiff is now seeking to recover for extras in connection therewith. Defendant denies the abandonment of this express contract. Plaintiff asserts that he is not claiming for extras under the original contract but that his claim is a new and entirely different one arising out of work and labor performed for which no agreement was made. The issue, therefore, is whether the work actually done shall be held to be extras added to the express contract or an entirely new and separate arrangement.

The one-story building 40 x 100 feet was to be practically only a brick wall with a turn, a wooden end and a flat roof, and for this plaintiff agreed to receive for his time actually spent on the job 65c per hour and a Ford automobile as contractor's profit. This job would have lasted 6 weeks. Before any work was done by the plaintiff on the erection of

this proposed one-story building, the defendant changed his plan entirely and ordered a two-story building with a different shaped roof. This building may be termed a two-story plus building. New drawings were made and submitted to the Inspector of Buildings in Providence and his approval secured thereon. Work was commenced pursuant to the new drawings. The building was to be joined to and become an integral part of another building on an adjoining lot. Foundations already laid four feet deep were taken up and others put in 9 feet deep. For these shorings had to be set up. No shorings were needed for the 4 foot foundations. Different materials in number and thickness were to be used for supports and beams and were to be differently placed. A slanting roof was put on. A house was removed from another lot which the building was to cover. Enamelled brick, instead of red brick whitewashed, was to be used inside, a much more difficult material to work with A sunshine front was planned of an entirely different nature from the original plan. When partly completed this was changed again and plaintiff was directed to copy the front of Kingsley Building, which he did. Proofing boxes were constructed. The floor space was increased 300 per cent and the work extended over a period of 6½ months instead of 6 weeks as originally contemplated.

The auditor saw the premises and on the testimony held that the building actually constructed was in no sense an extra added to the original contract. We are convinced, after hearing counsel and reading the auditors' report, that the changes were so material and substantial that they cannot fairly be called extras added to the original one-story building. The changes were so extensive that the work actually done bore no resemblance to that originally covered by the express contract, except that the premises were to be used for a bakery. Such use is not a test to establish identity of work done. We therefore have no hesitation in holding that the original contract was superseded by an entirely different one and that the auditor was correct in finding that the original express contract was abandoned.

Unless there is evidence of an agreement for some definite value of plaintiff's work, he can recover on a quantum meruit.

Sherman vs. Buffington, 117 N. E. 33 (Mass.)

Ford & Denning vs. Shepard Co., 36 R. I. 497.

There is some testimony that an agreement was made relating to plaintiff's remuneration on the job actually performed. Nass' story was that plaintiff said "dozens of times" that he was satisfied to receive 65c per hour as full payment. This statement is denied by the plaintiff and discredited by the auditor, and a consideration of the circumstances must lead one to doubt the truth of Nass' testimony even without having the opportunity to observe the bearing of the witnesses. The story is so improbable in view of the work that the plaintiff actually performed, that we have no doubt the auditor was justified in disbelieving Nass' story. It is difficult to believe that plaintiff for the wages of a journeyman and for the hope of prestige would work nights and Sundays and be continually at defendant's beck and call, sketching plans and figuring in other ways to save defendant various sums, with no further compensation in view than a journeyman bricklayer's wages and a prestige which the evidence does not show he was seriously in need of. The auditor has found as a fact that no agreement was made relative to the erection of the building actually constructed, and we

find that none should be carried over from the former contract which was abandoned. We do not discuss the law as cited by defendant relating to extras and the payment therefore based upon the original contract, because we find that this case does not involve a question of extras.

**13**

We therefore find that plaintiff is entitled to a reasonable sum for the value of his services. No dispute has been made as to correctness of the amounts charged by the auditor if it be granted that anything whatever should be charged against defendant. That plaintiff may have been advised otherwise than in accordance with his present claim; that he may have been willing to accept the Ford for a part of the new job, cannot alter his legal rights. A change of front may have an important bearing on the credibility of the witnesses or the probability of certain testimony, but it cannot change a person's legal right on a state of facts which is found to exist. The presentation of weekly bills and plaintiff's silence as to any other claim certainly strikes one as odd, but upon reflection various reasons occur to one for such action. It is a matter of the weight of the evidence at most. As a matter of law defendant suggests no authority showing that plaintiff was bound to speak. The auditor has fully stated his reasons for disbelieving the testimony of Nass and for accepting almost in their entirety the statements of plaintiff, and we are not disposed to overrule the auditor who saw and studied the witnesses. His report is fully confirmed and plaintiff is entitled to judgment in accordance therewith.

For plaintiff: P. P. Curran, Edmund H. McCartin.

For defendant: Cushing, Carroll & McCartin.