ARTHUR D. ORDWAY *vs.* CITY OF NEWBURYPORT.

Essex. March 4, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Inspection of Buildings. Municipal Corporations.*

Under R. L. c. 104, § 22, providing that "No building which is designed to be used . . . as a . . . school house . . . shall be erected until a copy of the plans thereof has been deposited with the inspector of factories and public buildings for the district in which it is to be erected by the person causing its erection, or by the architect thereof," and § 55 of the same chapter, imposing a penalty for the violation of the provisions of § 22, a contractor engaged in the erection of a school house is not required to file a copy of the plans, and his failure to do so does not deprive him of any rights under the contract; and the issuing of a certificate of the inspector of factories and public buildings indorsed with the approval of the chief of the district police, which is mentioned in § 22, is not a condition precedent to recovery from the city by one who has supplied materials and labor for heating and ventilating the school house in accordance with his contract to do so.

In such an action on a contract for heating and ventilating the school house building the fact, that the plaintiff knew that the inspector had disapproved the plans submitted for heating the building, does not deprive him of his right to recover, if he has performed fully the work required by the plans and the specifications in his contract and if the disapproval of the inspector related wholly to a defect in the work done by the general contractor for the building of the school house.

CONTRACT by Arthur D. Ordway of Newburyport, doing business under the name of the Ordway Heating Company, against the city of Newburyport, to recover a balance of $1,125 alleged in the first count of the declaration to be due under a contract in writing between the plaintiff and the defendant for heating and ventilating a school house dated March 15 and May 25, 1911, and for a further sum of $469.75 alleged in the second count of the declaration to be due for labor and materials furnished by the plaintiff to the defendant. Writ dated December 5, 1913.

In the Superior Court the case was referred to an auditor, who filed a report in which he made the findings that are stated in the opinion and found that the plaintiff should recover from the defendant the sum of $1,594.75 with interest from September 15, 1913, the date of demand. Later the case was heard by *Quinn*, J., upon the auditor's report and other evidence which was intro-

duced by the defendant. The judge found for the plaintiff and assessed damages in the sum of $1,372.50 on the first count and in the sum of $573.09 on the second count. The defendant alleged exceptions.

*A. Withington,* for the defendant.

*E. B. Bishop,* for the plaintiff.

CARROLL, J.   In August, 1910, the plaintiff was awarded the contract for heating, by the hot air system, and ventilating a school house in the city of Newburyport. The following September a contract was made with one Morrison for the erection of the building, under which he was to furnish material and labor and do all the work except "heating, plumbing and painting." In November the system of heating was changed from hot air to steam.

The plans for the building were filed as required by R. L. c. 104, § 22, sometime before February 4, 1911, and on that day a State inspector of public buildings wrote to the architect in charge, disapproving certain parts of the plans. The certificate mentioned in the statute never was issued.

The contract between the plaintiff and the defendant, by which the plaintiff was to furnish all material and labor for the installation and completion of the heating and ventilating of the building, was executed May 25, 1911, bearing date of March 15, 1911, on which date Morrison was proceeding with the work and the school house "was up somewhat above the first floor." The building of the vent and heat ducts was a part of Morrison's contract. The ducts constructed by him, while apparently suitable for a system of heating by furnace, were not suitable in connection with a steam heating system. The auditor found that Morrison was requested to build ducts proper for a steam heating system, and refused.

The plaintiff contracted with the Walworth-English-Flett Company to perform the work required to be done by him, with certain exceptions. All this work was completed in substantial compliance with the agreement, and it was found that the system for heating and ventilating furnished by the plaintiff conformed to all the rules of the district police; that the system was capable of furnishing a uniform heat of the degree called for by the specifications, and that the difficulty in ventilation was due solely to the insufficiency and defective construction of the ducts built by

Morrison. There was a finding for the plaintiff and the defendant excepted.

The statute (R. L. c. 104, § 22,) prohibits the erection of a "building which is designed to be used, in whole or in part, as a public building, public or private institution, school house . . . until a copy of the plans thereof has been deposited with the inspector of factories and public buildings . . . by the person causing its erection, or by the architect thereof. . . . The certificate of the inspector, indorsed with the approval of the chief of the district police, shall be conclusive evidence of a compliance with the provisions of this chapter. . . ." The statute requires the owner or architect to file the plans, and the penalty for the violation of the statute is placed upon the owner, lessee or occupant. R. L. c. 104, § 55.

A contractor engaged in the erection of a building is not required by this statute to file the plans; that is the duty of the owner or architect, and his failure to comply with the statute does not deprive the contractor of his rights under the contract. The certificate mentioned in the statute is not a condition precedent to recovering by one who supplies material and labor for such a structure.

The fact that the inspector had disapproved the plans submitted for the heating of the building — and that this fact was known to the plaintiff — did not deprive him of his right to recover if the work required by the plans and specifications was fully performed. It has been found that there was no failure on the part of the plaintiff to comply with all the terms of the undertaking. The defect was in the work done by the general contractor, who, in building the school house, carried out the original plan and constructed the ducts, as designed, for heating by a hot air system. *Burke* v. *Dunbar,* 128 Mass. 499. *Sherman* v. *Buffington,* 228 Mass. 139.

The fact that the defendant is a municipal corporation does not, so far as this statute is concerned, prevent the plaintiff from recovering; nor does the fact that the system was designed and laid out by an engineer of the Walworth-English-Flett Company, the subcontractor, who was not in the defendant's employ, disclose any fraud or deprive the plaintiff of his right to recover.

*Exceptions overruled.*