## CONNECTICUT MUTUAL LIFE INSURANCE CO v BOWE et

Ohio Appeals, 6th Dist, Sandusky Co

No 268. Decided March 20, 1933

Axline & Pendleton, Findlay, and C. V. Bish, Findlay, for plaintiff.

Culbert & Culbert, Fremont, for defendants.

LLOYD, J.

It is agreed that the tools referred to in the foregoing description relate "to loose tools used in taking care of the property and are chattels not claimed by the plaintiff." All of the other property described therein is more or less substantially affixed to the realty but could be severed therefrom without material injury thereto, but having been so erected and placed there by Henry Bowe, the then owner thereof, it became a part of the realty until removed therefrom, unless by agreement with others having or acquiring an interest therein, it was otherwise agreed. We have not here a question relating to the possession and ownership of trade fixtures as between landlord and tenant but a question as to whether a mortgagee of chattels or a mortgagee of real estate has a prior lien upon fixtures attached to real estate by the predecessor in title of the owner who gave the mortgages. It seems to us sufficient to say that, since

the fixtures were placed upon and attached to the realty by the owner and that the plaintiff had no notice of any claim that they were not to be considered a part of the realty, the description in the mortgage to plaintiff included the fixtures, and that therefore, especially in view of the failure to refile the first chattel mortgage whereby whatever lien was thereby created lapsed and became void, at least as to third parties, the lien of plaintiff must be held to precede in priority that of the defendant Plantz.

Decree accordingly.

RICHARDS and WILLIAMS, JJ, concur.