**TALBOT–WINDSOR CORP., Plaintiff, Appellant,**

v.

**William A. C. MILLER, III, Defendant, Appellee.**

**No. 6009.**

United States Court of Appeals
First Circuit.

Oct. 23, 1962.

Mark M. Horblit, Boston, Mass., with whom Samuel H. Kalish, Boston, Mass., was on brief, for appellant.

Stuart Macmillan, Boston, Mass., with whom Raymond F. Burke and Hausserman, Davison & Shattuck, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal by the plaintiff following a jury verdict for the defendant. In its complaint, filed in the Massachusetts state court and removed, the plaintiff alleged that it was a real estate broker; that the defendant engaged it "to find a customer" at a specified price for a certain property owned by him in Massachusetts; that plaintiff did find a "customer [who] informed the plaintiff in behalf of his corporation that it was ready,

able and willing to purchase said property," but that defendant did not so convey the property or pay plaintiff its commission. The pleader's looseness as to the identity of the "customer" permeates this appeal. The evidence most favorable to the plaintiff shows, at best, that plaintiff persuaded the president of a corporation to say that the corporation would purchase the property; that the president was authorized to look for property, and to recommend, but not to contract; that authority to purchase was in a board of fifteen trustees; that no more than four trustees even knew of this property, and that a majority of the board, either formally or informally, never authorized or ratified the president's alleged agreement. It is thus clear that plaintiff's "customer" was the corporation, and that the only undertaking approaching an agreement was by an officer who was not authorized to bind it.

■ The plaintiff's otherwise detailed brief omits mention of the fact that defendant's obligation was based upon "any offer that is accepted." Assuming that an oral, and therefore not binding, acceptance may be enough, cf. Walker v. Russell, 1922, 240 Mass. 386, 391, 134 N.E. 388; Leland v. Barber, 1917, 228 Mass. 144, 117 N.E. 33; but cf. MacDonald v. Mihalopoulos, 1958, 337 Mass. 260, 149 N.E.2d 138, it must in any event be unconditional and unqualified. Chapin v. Ruby, 1947, 321 Mass. 512, 74 N.E.2d 12; Doten v. Chase, 1921, 237 Mass. 218, 129 N.E. 363. The expression of willingness by an unauthorized agent, never confirmed by the principal, falls far short of an unqualified acceptance. Cf. Bresnahan v. Brighton Avenue Baptist Church, 1932, 279 Mass. 300, 181 N.E. 202. If, as plaintiff's argument vaguely suggests, defendant revoked his offer before the corporation acted upon it, revocation of his authority is a risk a broker takes, unless the seller acts in bad faith. Bartlett v. Keith, 1950, 325 Mass. 265, 90 N.E. 308; Doten v. Chase, supra. There is no evidence of bad faith on this record. See Brooks v. Gregory, 1934, 285 Mass. 197, 205, 187 N.E. 195.

There is nothing in plaintiff's point that defendant waived the president's lack of authority to bind the corporation.

■ The court did not err by excluding hearsay evidence. Since plaintiff was not entitled to go to the jury, any error in the charge—we do not intimate there was any—was of no consequence. Nor was there error in the court's sending the case to the jury, even though it informed counsel it intended later to grant defendant's motion and to set aside any verdict returned for the plaintiff. On the contrary, this procedure is often a wise and time-saving precaution.

Judgment will be entered affirming the judgment of the District Court.