*Northern District*

## No. 8365

# LOWELL WINDOW SHADE CO.
### v.
# HENRY BERNSTEIN, et al

Argued: Sept. 18, 1975. Decided: Feb. 25, 1976.

Case tried to *Artesani, J.,* in the Fourth District Court of Eastern Middlesex. No. 61 of 1974.

Present: Cowdrey, P.J.; Larkin, Forte, J.J.

Counsel for Plaintiff: Francis K. Monarski, of Lowell.

**Forte, J.** This is an action in contract wherein the plaintiff seeks to recover for work and materials furnished the defendants upon an account annexed.

The defendants answered denying each and every allegation, item and particular; by alleging payment, by claiming the sold merchandise was defective, and by claiming the plaintiff's workmanship was defective.

*At the trial there was evidence that* the defendant Judith H. Bernstein contacted the plaintiff for the purpose of taking said defendant's order for custom made draperies; the plaintiff's representative did go to said defendant's home, received the said defendant's specifications of design, style and color, length and how the draperies were to be hung; the order was agreed upon, and a deposit made.

There was expert evidence that the style and design of the ordered draperies were uncommon and somewhat unusual.

There was further evidence that the plaintiff procured the fabric required; engaged an experienced seamstress, and provided the draperies. There was expert testimony that the draperies delivered by the plaintiff to the defendant, Judith H. Bernstein were of excellent quality and sewn in a workmanlike manner.

Additional evidence was that after the draperies were installed, the defendant Judith H. Bernstein complained the thread used in the linings was not the proper color; thereupon the plaintiff had the linings re-sewn with the proper color and re-installed the draperies.

Further evidence was that on two subsequent occasions the defendant Judith H. Bernstein made complaints regarding said draperies, and on each occasion the plaintiff made the requested changes. On the third complaint, the plaintiff sent an expert to the defendant's home to determine what problems, if any, existed. This expert suggested the draperies be hung in a manner different than specified by the defendant. Thereafter, the evidence is that the defendant Judith H. Bernstein expressed satisfaction with the work and materials, that she told the plaintiff's representative that she was extremely pleased and would forward her check for the balance of the agreed purchase price.

Further evidence is that a few days thereafter the defendant Judith H. Bernstein contacted the plaintiff and stated she was now "unsatisfied" and asked that the draperies be removed. To this request, the plaintiff refused and demanded the balance owed.

In his findings and rulings, the justice also reports that there was evidence that the drapes' folds did not fall into line and that the plaintiff's specialist was of the opinion the work was poorly done.

At the close of the evidence the plaintiff filed six requests for rulings and now claims to be aggrieved by the rulings on the following:

> "3. The evidence is insufficient to warrant a finding for the defendant, Judith Bernstein.
> "4. Where the plaintiff uses ordinary skill and the personal directions of the defendant cause the result to be unsatisfactory, it is not a defense that the result is unworkmanlike or unsatisfactory. The defendant assumes the responsibility for the outcome of the labor. *Sherman v. Buffinton*, 228 Mass. 139."

The trial justice denied request #3, allowed the first part of request #4 but denied the second part.

There was no error in these rulings.

 Request #3 is tantamount to a request that the plaintiff is entitled to a finding as a matter of law. *Hoffman v. Chelsea,* 315 Mass. 54, 56 (1943). Even though the evidence in favor of the plaintiff may have been uncontradicted, the trial justice was not obliged to believe it. *Leigh v. Rule,* 331 Mass. 664, 667 (1954) and there was no reported evidence binding on the defendant. Therefore, there was no error in denying request #3. *Hoffman v. Chelsea, supra.*

 Although request #4 in its entirety states a correct proposition of law, *Sherman v. Buffinton,* 228 Mass. 139 (1917) there was harmless error in denying the second part of the request. The *Sherman* case, unlike the present matter, relates to a situation where a workman, using ordinary skill, followed the personal directions of the owner, who also supplied the materials and plans. There it was found the resulting product was not good and not done in a workmanlike manner, not through the fault of the workman, but due to the fault of the owner in furnishing an improper plan, in failing to provide sufficient materials and in the owner's want of expertise in giving directions.

Unlike the *Sherman* case, in the instant case, the reported evidence is that the defendant ordered draperies specifying the kind of material, color, and hang of the draperies and left the finished product to the plaintiff's expertise. The trial justice in his findings found that the drapes' fold did not fall into line and were not done in a workmanlike manner. Although the evidence regarding the fold of the curtains was not reported according to Rule 28 of the Rules of the District Courts (1965) and the model report contained therein, report of evidence may be found in the justice's findings. *Olofson v. Kilgallon,* 362 Mass. 803 (1973).

 The plaintiff in his brief and oral argument claims to be aggrieved by an inconsistency between the trial justice's general finding for the defendants

and his special findings. This issue was not reported nor was it raised before the trial justice. This issue should have been raised before the trial justice by either a motion to correct the alleged inconsistency or by a motion for a new trial. *Smith v. Lane,* Mass. App. Dec. Adv. Sh. 110 (1975).

The Appellate Division is confined to the issues and facts contained in a report. *Tranfaglia, Tr. v. Security National Bank,* 53 Mass. App. Dec. 25 (1973). **Report dismissed.**