Shubow, J.
The plaintiff sued in the Hingham Division of the District Court, pursuant to G. L. c. 90, § 34M, to collect payment under the personal injury protection (PIP) provisions of an insurance policy issued by the defendant for the unpaid balance of his medical expenses incurred as a result of injuries he sustained in a motor vehicle accident, together with reasonable attorney’s fees and costs.
The defendant asserted as an affirmative defense that the plaintiff failed to cooperate with the defendant by furnishing medical reports of his injuries and doing all that was necessary to enable the insurer to obtain medical reports and other information necessary to determine the amounts due as required by the statute.[1]
The Report suggests that the plaintiff supplied on or about February 2, 1982, a signed medical authorization entitling the defendant insurer to obtain all medical bills, reports, and information directly from medical providers. However, the Report reflects an agreement between the parties during the trial that the medical reports substantiating the additional medical expenses, as distinguished from the medical bills, were not received by the defendant until after suit was underway by means of pre-trial discovery. The Report explicitly identifies a hospital report and two physicians’ reports that were not supplied to the defendant prior to litigation.
After hearing, the trial court found for the defendant insurer and made specific findings of fact to support the general finding of non-cooperation by the plaintiff.
The plaintiff brings this appeal claiming to be aggrieved by the trial court’s action on certain of plaintiffs requests for rulings, as follows:[2]
1. The evidence adduced at Trial warrants the finding that Plaintiff has complied with all the requirements mandated by Massachusetts General Laws, c. 90, Section 34M. necessary for him to receive payment of his medical expenses under the personal Injury Protection Section of his Motor Vehicle Policy.
Allowed, but the Court does not so find; the plaintiff has not complied with the requirements of G. L. C. 90, Sec. 34M, see findings of fact.
3. It is the duty of the insurer to obtain any medical reports it desires (Massachusetts General Laws, c. 90, Section 34M., Third Paragraph.)
Allowed. However, the injured person did not do all things necessary to enable the insurer to obtain medical reports and other needed information, see findings of fact.
*244 4. When it is determined that the unpaid party (Plaintiff) is entitled to any amount of compensation from the insurer, he is in addition, entitled to reasonable attorneys’ fees and costs. (Massachusetts General Laws, c. 90, Section 34M., Fourth Paragraph, last sentence.)
Allowed. However, the injured person did not do all things necessary to enable the insurer to obtain medical reports and other needed information, and thus is not entitled to compensation.
6. Based upon all the evidence including Stipulations of Counsel for the Defendant adduced at Trial, a finding is warranted that, as a result of this accident Plaintiff incurred reasonable and necessary medical expenses.
Allowed. However, the injured person did not do all things necessary to enable the insurer to obtain medical reports and other needed information, and thus is not entitled to compensation.
15. Based upon all the evidence adduced at Trial, the finding is warranted that Defendant did refuse or neglect to pay Plaintiff for his reasonable and necessary incurred medical expenses within the thirty (30) day period required by provisions of Massachusetts General Laws, c. 90, Section 34M.
Allowed, but the injured person did not do all things necessary to enable the insurer to obtain medical reports and other needed information, and thus is not entitled to compensation.
The trial judge made further findings of fact, including the following:
The Court finds that there'were additional medical bills and expense incurred by the plaintiff; that the plaintiff did not cooperate with the defendant insurer in that he did not furnish and did not do all the things necessary to enable the defendant insurer to obtain medical reports and other needed information to assist in determining the amounts due.
The heart of the plaintiffs argument is that the trial j udge erred as a matter of law in not imposing on the insurer the duty “to obtain medical reports and other needed information to assist in determining the amounts due.” The court recognized such a duty in allowing request for ruling number 3 but went on to find that in one or more unspecified particulars the plaintiff failed to meet his obligations. What these defaults were are only suggested in the Report.
We cannot discern just what the judge had in mind in reaching his ultimate . conclusion. It is sufficient to point to the assertion in a letter from counsel for the defendant insurer to plaintiffs counsel dated September 23, 1983 (incorporated in the Report) “The first time that Allstate had been provided with complete medical bills and reports was when you responded to the Request for Production of Documents”. Such an assertion, if believed, constitutes sufficient evidence to warrant a conclusion of less than adequate cooperation by the insured.
Generally, the correctness of a general finding cannot be raised without a request for ruling before the judge takes the case under consideration. Stowell v. H.P. Hood & Sons, Inc., 288 Mass. 555, 557 (1934). We do not review general or specific findings of fact in the absence of a request for rulings testing the sufficiency of evidence to support such findings. Massachusetts General Hospital v. City of Quincy, 348 Mass. 791 (1965); Reid v. Doherty, 273 Mass. 388, 389-390 (1930); Eastern Electric Co. v. Martin, 52 Mass. App. Dec. *245 41, 50 (1973). An appropriate request for a legal ruling would have been “There was no evidence warranting a finding that the plaintiff failed to do anything he was required to do under the statute or policy”. Such a request would have focused the inquiry. As the plaintiff failed to submit such a request for ruling in the trial court, it cannot be held on this appeal that the court’s factual findings were erroneous. Corcoran v. Healey, 1981 Mass. App. Div. 83, 88.
The requested rulings cited by the plaintiff were not refused or denied, but were allowed. A party cannot predicate a claim of error upon rulings he sought which were allowed. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318 (1938). It is well settled that a trial judge may grant a warrant request but find for the opposite party. Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955). Cf. Dangelo v. Farina, 310 Mass. 758, 759 (1942).
Furthermore, any inconsistencies perceived between the disposition of certain requests for rulings and the finding of facts must be presented as an issue to the trial judge in the context of a motion to correct the inconsistencies or motion for a new trial as a condition precedent to presenting the issue on appeal. Raytheon Manuf. Co. v. Indemnity Ins. Co., 333 Mass. 746, 749 (1956); Lowell Window Shade Co. v. Bernstein, 57 Mass. App. Dec. 170, 173-174 (1976). A party can only secure a report based on the issue of such inconsistencies following an adverse ruling thereon. Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153 (1951). Since the plaintiff herein neglected to file such motions in the trial court, no question of an inconsistency between the finding of facts and rulings is open on this appeal. Adkins v. Armata, 56 Mass. App. Dec. 50, 53-54 (1975); Smith v. H. P. Hood & Sons, Inc., 52 Mass. App. Dec. 10, 15 (1973).
The trial judge was not required to specify the subsidiary facts or circumstances leading him to conclude that the plaintiff failed to cooperate sufficiently. Mass. R. Civ. P. Rule 52(a), as applicable to the District Courts, does not require written findings of fact. Since non-cooperation is a valid affirmative defense to the insurer in an action for benefits under G. L. c. 90, § 34M, the ultimate finding for the defendant was open to the court.
Having determined that there was no prejudicial error, we order that the report be dismissed.

The statute imposes upon the claimant the obligation to present his claim “as soon as practicable after the accident occurs” and requires that the claim “shall include a written description of the nature and extent of injuries sustained, treatment received and contemplated and such other information as may assist in determining the amount due and payable.” Furthermore, the statute commands the injured person to “do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the amounts due.” Finally, the statute warns that “non-cooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section ..." The impact of these statutory provisions should be to energize the claimant against remaining passive. The insurer must be furnished in timely fashion all the data and coorborating paper-work necessary to trigger the mandated protection.

In quoting from the Report, we reproduce the capitalizations and punctuation as they appear in the Report, whether or not they correspond with accepted practice. The Report presents as the questions for review ‘The Plaintiff claiming to be aggrieved by the Court’s Findings of fact in light of its ruling on Plaintiffs request for ruling numbers 1,3,4,6,15 and the evidence adduced at trial; I hereby report the same to the Appellate Division for Determination.” (sic). We hope we do not seem too demanding by calling for more careful proof-reading.