CHARLES C. DOTEN vs. JOSEPH R. CHASE.

Suffolk. November 15, 22, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Broker. Contract,* Implied, Performance and breach.

Where, at the trial of an action by a real estate broker for a commission alleged to have been earned in procuring for the defendant a customer to purchase real estate of the defendant, there was evidence that the plaintiff procured a prospective purchaser who, with the plaintiff and the defendant, met at the plaintiff's office, where an instrument in the form of an agreement by the defendant to sell and by the prospective purchaser to buy the real estate was made out by the plaintiff and was submitted to the parties; that its terms were mutually agreeable; that the prospective purchaser desired to show the instrument to his lawyer before signing it and took it away without either party signing it; that the defendant agreed that it should be taken away and that, if it was signed by noon of the next day, he would be at the plaintiff's office at three o'clock in the afternoon to accept a deposit and would sign the instrument; that at half past nine in the morning of the next day the defendant informed the plaintiff that he did not intend to sell the real estate to the prospective purchaser, but had sold it to another party; that on the same day at noon the prospective purchaser returned the agreement to the plaintiff with his signature and the deposit. There was no evidence of fraud on the part of the defendant. *Held,* that

(1) The parties intended to be bound only by the formal instrument and not by the preceding oral arrangements;

(2) The plaintiff to recover must prove that the customer whom he procured was ready, willing and able to purchase on the defendant's terms at a time before the plaintiff's authority was revoked;

(3) So long as the terms of the agreement remained in a state of qualified acceptance, the customer was not ready, willing and able to become a purchaser on the defendant's terms;

(4) In the absence of fraud, the defendant had a right to discharge the plaintiff at any time before the customer had definitely accepted the terms of the instrument, without incurring any obligation to pay for services rendered by the plaintiff in procuring the customer.

CONTRACT for $253.50, alleged to have been earned by the plaintiff as a real estate broker as a commission for procuring customers to purchase real estate of the defendant. Writ in the Municipal Court of the City of Boston dated October 8, 1919.

Material evidence at the trial in the Municipal Court is described in the opinion. The defendant asked for the following rulings:

" 1. On all the evidence the finding must be for the defendant.

" 2. On all the evidence the plaintiff has failed to prove that the purchasers procured were able to buy.

" 3. No written agreement having been signed by the defendant, the burden is on the plaintiff to show the purchasers procured were ready, willing and able to buy on the defendant's terms.

" 4. The burden is on the plaintiff to prove that at the time when the customers were procured, they were able to buy."

The trial judge refused the first three and gave the fourth ruling, found for the plaintiff, and at the request of the defendant reported the case to the Appellate Division, who dismissed the report. The defendant appealed.

*D. H. Fulton*, for the defendant.

*R. W. Light*, for the plaintiff.

PIERCE, J. At the trial there was evidence to warrant a finding that the plaintiff was employed by the defendant as a broker to find a customer for certain premises; that the plaintiff procured prospective purchasers in the persons of one Keenan and one Fitzgerald; that on September 3, 1919, the plaintiff, the defendant, Keenan and Fitzgerald met at the office of the plaintiff; that a paper in the form of an agreement under seal to buy and sell the premises was made out by the plaintiff and submitted to the parties; that the terms thereof were mutually agreeable; that Keenan and Fitzgerald desired to show the agreement to their lawyer before signing it; that they took it away without either party signing it; that the defendant agreed that it should be taken

away and also agreed that if the papers were signed by noon of the next day, he would be at the plaintiff's office at three o'clock in the afternoon the next day to accept of the deposit and would sign the paper; that on the following day at half past nine in the morning the defendant informed the broker that he did not intend to sell the house to Keenan and Fitzgerald; that he had another party to buy it and had sold it to him; that on the same day at noon, Keenan and Fitzgerald returned the agreement with their signatures and left the deposit with the plaintiff. There was further evidence that the date for the passing of the papers was set for October 3.

The decisive question presented is, did the defendant and the prospective customers intend that their oral agreement to the terms of purchase and sale embodied in the formal instrument should be presently binding upon them, or did they intend to be bound only upon the execution of the written, formal agreement. We think it plain that the parties intended the execution of the formal instrument to be more than a convenient memorial, or record of bargain which they had already concluded. The proposed agreement evidently was prepared with the purpose to bind the parties as against the defence of the statute of frauds and that of absence of mutuality of obligation. The "terms of which" agreement, that is, those contained in the proposed formal agreement, "were mutually agreeable to the parties." The purchasers "desired to show the agreement to their lawyer before signing it;" the defendant agreed that they might do so and he also agreed "to accept of the deposit" and to "sign the paper" if the papers were signed by noon of the next day. "The circumstance that the parties do intend a subsequent agreement to be made, is strong evidence to show that they did not intend the previous negotiations to amount to an agreement." *Ridgway* v. *Wharton*, 6 H. L. Cas. 238, 268. *Lyman* v. *Robinson*, 14 Allen, 242. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177, 182. *Mississippi & Dominion Steamship Co. Ltd.* v. *Swift*, 86 Maine, 248.

The plaintiff to recover must prove that the customers produced by him, or one of them, were ready, willing and able to purchase the premises on the defendant's terms at a time antecedent to the time his authority was revoked. So long as the terms of the oral

or written agreement remained in a state of a qualified acceptance, in the nature of things it cannot be said the plaintiff produced a customer ready, willing and able to become the purchaser of the premises on the defendant's terms. *Woods* v. *Matthews*, 224 Mass. 577. *Leslie* v. *Wilder*, 228 Mass. 343. *Bruce* v. *Meserve*, 228 Mass. 463. *Hampden Railroad* v. *Boston & Maine Railroad*, 233 Mass. 411, 417.

In the absence of fraud, of which there is no evidence in the case at bar, the defendant had the legal right to discharge the plaintiff without obligation to pay for services rendered in procuring a customer, at any time before the customers had finally and definitely accepted the terms of the agreement of conveyance presented by the defendant to the customers as the basis of their negotiation of sale. *Cadigan* v. *Crabtree*, 179 Mass. 474.

It follows that the request that "On all the evidence the finding must be for the defendant" should have been given. It also follows that the order of the Municipal Court, "Report dismissed," must be reversed, and judgment be entered for the defendant.

*So ordered.*