### HENRY FLAX *vs.* LEWIS SOVRENSKY.

Middlesex. November 9, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Broker,* Commission.

At the trial of an action by a real estate broker for a commission, the plaintiff testified in substance that the defendant placed the property in his hands to secure a customer at the price of $35,000; that he brought into conference with the plaintiff a customer who would "give $35,000, $10,000 down and the defendant was supposed to take back a second mortgage of $17,000 for a period of six or seven years"; that the defendant was to vacate the premises in six months; that a "date was made to meet Wednesday"; that the defendant then asked the plaintiff "what . . . [his] commission . . . [was]," and on telling him it was five per cent the defendant said the trade would never go through "if he got to pay . . . [the plaintiff] the full commission," and he offered him $300; and.

that several details had been left to be arranged at the Wednesday conference.  *Held*, that

(1) There was no evidence of bad faith on the part of the defendant, and he could revoke the plaintiff's authority before the acceptance of the terms and while negotiations were in progress with a probable customer;

(2) The bargain with the customer was not complete when the dispute arose over the plaintiff's commission;

(3) The plaintiff's agency having been terminated while the bargain with the customer was incomplete, he could not recover.

CONTRACT for a commission as a broker.  Writ dated November 3, 1921.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion.  At the close of the evidence, the defendant moved that a verdict be entered in his favor.  The motion was denied.  There was a verdict for the plaintiff in the sum of $875.  The defendant alleged exceptions.

*H. Bergson*, for the defendant.

No argument nor brief for the plaintiff.

CARROLL, J.  This is an action to recover a broker's commission in procuring a customer for the purchase of the defendant's real estate.  There was a verdict for the plaintiff.

The plaintiff contended that the defendant requested him to procure a customer; that he found a customer ready, able and willing to buy, whom he introduced to the defendant; that the terms of sale were agreed to and the defendant refused to go on with the bargain.

The plaintiff testified that the defendant placed the property in his hands to secure a customer at the price of $35,000; that there was a mortgage on the property for $8,000; that he saw one Levenson, an agent for Pill Brothers, Incorporated, and after negotiations the defendant and Levenson met; "that finally Pill Brothers, Incorporated, agreed to give $35,000, $10,000 down and the defendant was supposed to take back a second mortgage of $17,000 for a period of six or seven years"; that the defendant was to vacate the premises in six months; that a "date was made to meet Wednesday"; that the defendant then asked the plaintiff "what . . . [his] commission . . . [was]," and on telling him it

was five per cent the defendant said the trade would never go through "if he got to pay . . . [the plaintiff] the full commission"; and he offered him $300.

On cross-examination he testified that Levenson said "You fellows will have to straighten out the commission"; "that all that was said about the $17,000 second mortgage was six per cent"; that at the Wednesday conference "they were to specify how the payments should be made"; that nothing was said about the rate of interest on the first mortgage and the time for passing the papers was not fixed; and that nothing was said as to the time the tenant of a part of the premises was to remain in possession.

There was no bad faith on the part of the defendant, and he could revoke the plaintiff's authority before the acceptance of the terms, while negotiations were in progress with a probable customer. *Elliott* v. *Kazajian,* 255 Mass. 459. *Pagum* v. *White,* 259 Mass. 437. The defendant and the prospective purchaser had not reached a complete understanding of the agreement to be made when the dispute arose as to the amount of the commission, and the defendant refused to continue further negotiations with the proposed buyer. The bargain was not then complete. The fact that the parties were to meet on Wednesday and "specify how the payments should be made," and a subsequent agreement was to be made, is evidence to show that the parties did not intend that the oral negotiations should amount to a final agreement. *Doten* v. *Chase,* 237 Mass. 218. It was not definitely agreed when the papers were to pass. It was indefinite whether the second mortgage for $17,000 was to run for six or for seven years, and all that was said about the second mortgage "was six per cent." Nothing was said about the rate of interest on the first mortgage and it was left for these matters "to be straightened out" at the Wednesday conference. Nothing was decided as to the length of time the defendant's tenant should continue in occupation.

As the transaction was not completed and the terms of the bargain between the defendant and the purchaser were not all agreed to, the plaintiff cannot recover, and the defendant's motion for a directed verdict should have been

allowed.  *Des Rivieres* v. *Sullivan,* 247 Mass. 443.  *Elliott*
v. *Kazajian, supra.  Pagum* v. *White, supra.*

*Exceptions sustained.*
*Judgment for defendant.*