Samuel Goldman *vs.* Annie Goodman & another.

Suffolk.   November 14, 1928. — December 4, 1928.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Broker*, Commission.   *Contract*, What constitutes.

At the trial of an action for a commission by a broker against an owner of land, there was testimony by the plaintiff that a customer procured by him gave him an unsigned writing in which he offered to purchase twelve lots of land for $21,000, "$6000 cash for the first three lots and $1000 deposit on the balance of the land, free and clear without interest up to January 1, 1928."   The customer testified that he was able to pay $21,000; that he told the plaintiff he would pay some cash and would give a mortgage without interest, but wanted three of the lots "free and clear," that he was to pay $7,000 and the owner was to release the land on payment of a certain amount of money, and that "I am not going to pay him, if I want to, till the first of January."   There was no evidence to show what amount of money was to be paid for the release of part of the lots, nor that the owner ever consented so to release the land, nor that the time was decided when the papers were to pass.   The judge denied a motion that a verdict be ordered for the defendant.   There was a verdict for the plaintiff.   *Held*, that

(1) A finding was not warranted that the minds of the defendant and the customer had met in a definite, settled agreement;

(2) An exception by the defendant was sustained and judgment in his favor was ordered.

Contract to recover a broker's commission.   Writ dated February 11, 1927.

Material evidence at the trial in the Superior Court before *Williams*, J., is stated in the opinion.   At the close of

the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor; and there was a verdict for the plaintiff in the sum of $766.24. The defendant alleged an exception.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry, & S. Rice,* for the defendant Goodman.

*J. H. Cinamon,* for the plaintiff.

CARROLL, J. The plaintiff is a real estate broker. The defendant Goodman (hereinafter called the defendant) was the owner of a tract of land. Her son-in-law, the defendant Starr, in January or February, 1927, met the plaintiff and said to him that he had twelve lots for sale and would name the price when the plaintiff found a customer. Some time later at Starr's house in the presence of the defendant, the plaintiff said he had a customer, one Convisor, to which Starr replied that "he wanted $21,000 for the land . . . if you have a customer . . . I will sell the land to you . . . Convisor is a good customer." A plan of the lots was made by Starr and taken to Convisor by the plaintiff. Convisor made a writing which he did not sign. This writing stated: "We are willing to pay" $21,000 for the twelve lots, "$6000.00 cash for the first three lots and $1000.00 deposit on the balance of the land, free and clear without interest up to January 1, 1928."

The plaintiff testified that he showed this paper to Starr and it was read to him in the presence of the defendant, who said: "Sell the land; it is not my business"; that Starr said "All right" and asked for a deposit; that the plaintiff obtained from Convisor a check for $300 payable to the defendant; that he gave the check to Starr in the presence of the defendant; that Starr, "while the defendant Goodman was present, read and signed" a receipt to Convisor for $300 "as deposit on two parcels of land"; that Starr said "To-morrow I go to make the agreement"; that Starr gave the check to Mrs. Goodman and she said "Go ahead and sign it . . . . Anyway I got to make a cross, don't bother me."

Convisor testified that he was able to pay $21,000 for the land; that he told the plaintiff he was willing to pay some

cash and would give a mortgage without interest, but wanted three of the lots "free and clear"; that one of his terms was that Starr "was to release you the land on payment of a certain amount of money." The defendant, who was eighty years old and could not read or write, testified that she wanted to sell the land for $22,000 and never authorized Starr to sell for $21,000.

In our opinion this case is governed by *Flax* v. *Sovrensky*, 262 Mass. 60. The transaction never was completed. The terms of the sale were not finally agreed to and the minds of the buyer and seller did not meet. In the offer in writing which Convisor gave the plaintiff, nothing is said about the rate of interest after January 1, 1928, and however this writing may be interpreted Convisor said he was to pay $7,000 and the defendants were to give him "free and clear" three lots; and "I am not going to pay him, if I want to, till the first of January"; and the land was to be released on the payment of a certain amount of money. What this amount was did not appear. It was not shown that the defendant ever consented to release the land on the payment of a portion of the amount due, and it was not definitely decided when the papers were to pass. The agreement between the buyer and seller was uncertain, and until it was decided on and the terms of the sale agreed to, the broker had not earned his commission. "So long as the terms of the oral or written agreement remained in a state of qualified acceptance, in the nature of things it cannot be said the plaintiff produced a customer ready, willing and able to become the purchaser of the premises on the defendant's terms." *Doten* v. *Chase*, 237 Mass. 218, 220, 221. *Bemister* v. *Hedtler*, 249 Mass. 40. *Flax* v. *Sovrensky*, *supra*.

*Exceptions sustained.*
*Judgment to be entered for the defendant.*