JOSEPH FRANKINA *vs.* JAMES SALPIETRO.

Middlesex.    October 8, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Broker,* Commission. *Practice, Civil,* Appellate Division: record.

The declaration in an action of contract in a district court by a real estate broker for a commission contained a count in which the plaintiff set forth a contract for the payment of a commission in a certain sum and a count upon *quantum meruit,* both being for the same cause of action. A report to an appellate division stated that the trial judge found that the defendant, the owner of certain land, authorized the plaintiff to sell it for a certain sum and to accept a deposit; that the plaintiff procured a customer at that price a few days later and accepted a deposit from him; that the plaintiff immediately reported such facts to the defendant, who said "All right . . . we will . . . draft the papers"; and that the plaintiff never disclosed the identity of the customer to the defendant, who never made inquiry about him; and that the trial judge found for the plaintiff. Upon an appeal to this court from an order dismissing the report, it was *held,* that

(1) An inference was warranted from the facts found that the plaintiff had procured a customer who had been accepted by the defendant: it could not be said as a matter of law that the defendant

could not accept a person whose identity had not been disclosed to him by the plaintiff;

(2) Since the defendant accepted the customer, the trial judge properly refused to rule that the plaintiff must show by further evidence that he had procured a customer able, ready and willing to take the property at the defendant's terms and price;

(3) A ruling, that "A real estate broker has no authority to take a deposit on behalf of a purchaser, and by so doing he has not earned his commission, for the owner is entitled to know to whom the property is intended to be sold," properly was refused;

(4) A further inference was warranted that no terms of the sale remained to be fixed by the customer and the defendant;

(5) The finding for the plaintiff was warranted.

The report in the action above described did not recite the evidence on the question, whether the contract between the parties fixed the amount of the plaintiff's commission. The defendant requested a ruling as to each count that the plaintiff was not entitled to recover. Both requests were refused. *Held*, that

(1) Whether the plaintiff was entitled to recover on the first or the second count depended on whether the amount of his commission had been fixed;

(2) The evidence on that question not having been reported, it could not be said by this court that there was not evidence to warrant a finding for the plaintiff on each count;

(3) No error was shown in the refusal of either request.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated August 31, 1927.

Material evidence and rulings requested by the defendant and refused at the trial in the District Court are stated in the opinion. The trial judge found for the plaintiff and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*J. J. Flynn*, for the defendant.

*B. F. Thornburg*, for the plaintiff.

FIELD, J. This is an action of contract brought in the District Court to recover a real estate broker's commission. The declaration contains two counts for the same cause of action. The first count alleges an express contract by which the amount of the commission was fixed. The second count is on a *quantum meruit*.

The following requests for rulings made by the defendant were refused: "1. On all the evidence the plaintiff is not

entitled to recover on the first count of his declaration. 2. On all the evidence, the plaintiff is not entitled to recover on the second count of his declaration. 3. For the plaintiff to recover he must show that he has procured a customer who was able, ready and willing to take the property at the price and upon the terms fixed by the owner, and whom the owner accepts. 4. If the plaintiff knew that the land was owned by another jointly with the defendant and that the defendant is only a part owner, then he is not entitled to his commission, or his duties as a broker are not performed until he has procured a bid satisfactory to all the owners. . . . 7. A real estate broker has no authority to take a deposit on behalf of a purchaser, and by so doing he has not earned his commission, for the owner is entitled to know to whom the property is intended to be sold."

The trial judge made the following findings of fact: ". . . the property was listed by the defendant with the plaintiff originally for the sum of $19,500 to be sold by the plaintiff. After subsequent interviews and many conferences . . . the defendant authorized the plaintiff to sell the property for $18,000 and to take a deposit from the customer. A few days later the plaintiff found a customer who would pay $18,000 for the property in question and . . . took a deposit from the customer; . . . the plaintiff immediately reported these facts to the defendant, [and] showed the $500 deposit to the defendant . . . after the defendant counted it, [he] said to the plaintiff, 'All right, you keep the deposit until Saturday and we will go to a lawyer and draft the papers, as I am in certain trouble now and have got to go to a funeral tomorrow morning' . . . the plaintiff never disclosed to the defendant who the customer was, nor did the defendant ever ask the name or address of the customer." There was a finding for the plaintiff, a report to the Appellate Division which was dismissed, and an appeal to this court from the order dismissing the report.

Upon the subsidiary findings the plaintiff was entitled to his commission if he procured a customer who was able,

willing and ready to purchase the property on the defendant's terms even though the sale was never consummated (*Walker* v. *Russell*, 240 Mass. 386, 389–390; *Buono* v. *Cody*, 251 Mass. 286, 290, 291; *Hall* v. *Kotowski*, 251 Mass. 494) or the customer accepted by the defendant. *Witherell* v. *Murphy*, 147 Mass. 417. *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478. *Goodnough* v. *Kinney*, 205 Mass. 203. *Green* v. *Levenson*, 241 Mass. 223. In this case, however, the findings warranted the inference that the plaintiff procured a customer who was accepted as such by the defendant. If the customer was accepted, it "does not lie in the defendant's mouth to claim . . . that other evidence was necessary to prove that the customer was ready, able and willing to purchase." *Whitkin* v. *Markarian*, 238 Mass. 334, 336–337. See also *Hutchinson* v. *Plant*, 218 Mass. 148, 152. Nor can it be said as matter of law that the defendant could not accept as a customer a person whose name was not disclosed to him by the plaintiff, or that upon the facts found here the defendant did not do so. See *Veasey* v. *Carson*, 177 Mass. 117, 122–123. *Kaufmann* v. *Sydeman*, 251 Mass. 210, 216. It could have been found that the defendant accepted as a customer, without further identification, the person who made the deposit. The findings also warranted the inference that no arrangements remained to be made between the seller and the buyer in regard to any terms of the trade. See *Laidlaw* v. *Vose*, 265 Mass. 500, 505. A finding for the plaintiff, therefore, was consistent with the subsidiary findings and warranted by them.

Whether the plaintiff should recover on the first count or on the second depends on whether the amount of his commission was fixed as a term of the defendant's offer. See *Simon* v. *Lettiere*, 257 Mass. 563, 570. Since the evidence is not before us we cannot say that there was not evidence which would have warranted recovery on either. Hence we cannot say that there was error in denying the first and the second requests for rulings. The refusal of the third and the seventh requests was proper for reasons already indicated. There is nothing in the record which makes material the

fourth ruling requested and we need not pass upon its correctness. The Appellate Division was right in dismissing the report.

*Order dismissing report affirmed.*