PETER ZAKSZEWSKI *vs.* STANISLAW KUROVITZKY.

Suffolk.    November 6, 1930. — December 2, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Broker,* Commission.

In an action by a real estate broker against a landowner for a commission, the plaintiff could not recover on evidence that he was hired by the defendant to sell the land; that the plaintiff produced a customer who had a conversation with the defendant, at which the defendant agreed to "take . . . off" a coöperative bank mortgage on the property and to place thereon as large a savings bank mortgage as possible, and the customer agreed to pay the price demanded by the defendant, $1,000 in cash and the balance by way of a second mortgage, and to meet the defendant the next day to "draw the agreement"; that the customer kept the appointment for the next day; that the defendant did not keep it, having changed his mind; that a deposit made by the customer was returned to him; that he was able to pay $1,000 in cash; and that the sale did not take place, there being no evidence that the defendant did not act in good faith: the defendant revoked the plaintiff's authority before all the essential terms of the contract between the customer and the defendant were settled.

CONTRACT by a real estate broker for a commission. Writ in the Municipal Court of the City of Boston dated May 5, 1924.

At the trial in the Municipal Court, there was evidence that Iwanowski, the customer produced by the plaintiff, was able to pay $1,000 in cash. Other material evidence, and rulings requested by the defendant and refused by the trial judge, are stated in the opinion. The judge found for the plaintiff and reported the action to the Appellate Division, where a finding was ordered for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*J. K. Jerome & J. A. Dengeleski,* for the plaintiff.

*J. R. McVey & C. Goldstein,* for the defendant.

CARROLL, J. This is an action of contract by a real estate broker to recover a commission. The defendant asked the plaintiff to sell his house. If " plaintiff got $6,200 for the house defendant was to pay him $200." The plaintiff introduced one Iwanowski to the defendant and the terms of the sale were discussed. There was " a coöperative bank mortgage " on the premises. The defendant " was to take this off " and place as large a savings bank mortgage as he could, and was to receive $1,000 in cash and take a second mortgage for the balance. There was evidence that the defendant stated that the plaintiff was his agent and " he can close the deal "; that the customer agreed to pay $6,200 and made a deposit of $50 and agreed to " produce $150 the next day, and meet to draw the agreement." The defendant was notified of this agreement; the customer kept the appointment and the defendant did not. When the defendant was asked why he did not appear and close the deal, he replied that he changed his mind. The deposit was returned.

At the trial the defendant asked for rulings that the plaintiff could not recover; that if " the court finds that " the premises have not been sold, the plaintiff cannot recover unless a sale of the property was made to his customer. These rulings were refused. There was a finding for the plaintiff. The case was reported to the Appellate Division and a finding was made for the defendant. The plaintiff appealed.

The evidence shows that the plaintiff was employed,

not merely to find a purchaser, but to sell the property. His contract was not completed and he did not earn his commission. The defendant could, at any time before the sale was consummated, revoke the authority, if this was done in good faith; and there is no suggestion of bad faith on the part of the defendant. *Des Rivieres* v. *Sullivan,* 247 Mass. 443, and cases cited.

If the plaintiff was to find a customer ready, able and willing to buy, and before all of the terms of the contract were agreed on the defendant revoked the plaintiff's authority in good faith, the plaintiff cannot recover. *Flax* v. *Sorensky,* 262 Mass. 60. The terms and amount of the savings bank mortgage were not definitely agreed to and the amount, terms of payment and rate of interest on the second mortgage were not settled. The decision of the Appellate Division was right. *Elliott* v. *Kazajian,* 255 Mass. 459.

*Finding for defendant affirmed.*