JOSEPH S. RUSSO *vs.* ABRAHAM B. SLAWSBY & another.

Suffolk.     May 21, 1931. — June 23, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Broker,* Commission.

At the trial of an action by a real estate broker for a commission for procuring for the defendant a purchaser of real estate in New Hampshire, it appeared that the defendant placed the property with the plaintiff for sale; that the plaintiff procured a prospective purchaser and introduced him to the defendant; that later the plaintiff, the defendant and the prospective purchaser had various conferences respecting the terms of sale, as the result of which it finally was agreed between the defendant and the prospective purchaser that the sale price should be $250,000, and methods of financing the purchase by mortgages and a cash payment also were agreed upon in the alternative, the determination of which method should be used depending upon the size of a first mortgage which the defendant would be able to negotiate; that the purchaser offered to make a deposit of $5,000, but the defendant stated that the deposit should not be made until it was determined what the size of the first mortgage should be; that no deposit ever was made; that it was arranged that on a certain Monday the prospective purchaser should accompany the defendant to a New Hampshire bank to obtain a loan upon a first mortgage, and that at that time everything was to be arranged; that on Saturday preceding the Monday the defendant told the plaintiff that there would be no further meeting as he had leased the property. There was no evidence that the defendant had acted in bad faith. A verdict for the defendant was ordered. *Held,* that

(1) The defendant, acting in good faith, rightfully could revoke the plaintiff's authority while the negotiations with a prospective purchaser were in progress;

(2) There was no evidence which warranted a finding that any final agreement had been procured by the plaintiff for the sale of the property on the defendant's terms;

(3) Even if the evidence had warranted a finding that a final agreement had been entered into between the defendant and the prospective purchaser upon the terms above stated, the plaintiff would not be entitled to recover as the agreement did not cover all the terms essential to the sale of the property;

(4) The verdict for the defendant rightly was ordered.

CONTRACT by a real estate broker for a commission. Writ dated September 5, 1929.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants and reported the action to this court for determination.

*J. M. Graham,* for the plaintiff.

*J. C. Reilly,* (*J. W. Flood* with him,) for the defendants.

CROSBY, J. This is an action of contract to recover a broker's commission. Although it is not disclosed by the report that the property in question was owned by both defendants, who are husband and wife, the plaintiff's brief so states, and we assume that it is true. The property of the defendants is situated in Nashua, in the State of New Hampshire, and consists of two business blocks which, in 1925, were being renovated and made into stores, offices and apartments. It appears in the report that this case was previously tried before a jury in the Superior Court of New Hampshire; on exceptions it went to the Supreme Court of that State, and was afterwards discontinued. It was agreed that the record or bill of exceptions by which the case was carried from the Superior Court to the Supreme Court of New Hampshire be received and used for whatever purpose either party deemed proper "excepting that it is not to be considered as evidence in the present case." The evidence in that case is not before us, and as the case did not go to judgment but was discontinued it has no bearing upon any issue involved in the case at bar.

There was evidence introduced by the plaintiff at the trial

from which the following facts could have been found: In July, 1925, the plaintiff while in Nashua talked with the defendant Abraham B. Slawsby (who will hereafter be referred to as the defendant) as a result of which the property was placed with the plaintiff for sale; thereafter the plaintiff procured as a prospective purchaser one Brown, introduced him to the defendant, and various conferences were had between them respecting the terms of sale. The defendant told the plaintiff that the commission for the sale of property in Nashua was three per cent, which was satisfactory to the plaintiff. The defendant gave him a statement of the income of the property and informed him that the price for which he would sell the entire property was $250,000; that he would procure a first mortgage upon the property for $150,000 and would himself take a second mortgage thereon for $50,000 and the balance of $50,000 in cash. Afterwards the plaintiff, the defendant and Brown had various conferences as the result of which it was finally agreed between the defendant and Brown that the sale price should be $250,000 and that the defendant would finance it up to $200,000 by negotiating a first mortgage with some bank for $150,000 or, if he was not able to procure a first mortgage for that amount, but could get only a $140,000 mortgage, he would take a second mortgage for $60,000, and $40,000 in cash. It was agreed that $5,000 should be paid yearly on the second mortgage with interest at six per cent payable every six months. The purchaser offered to make a deposit of $5,000, but the defendant stated that the deposit should not be made until it was determined whether the amount of the first mortgage would be $140,000 or $150,000. No deposit was ever made. At this interview it was agreed that the prospective purchaser, Brown, should on the following Monday accompany the defendant to a New Hampshire bank to obtain a loan upon a first mortgage, and at that time everything was to be arranged. The defendant and Brown then separated and the latter returned to Boston. On Saturday night the plaintiff called the defendant by telephone and asked where the parties were to meet on Monday and the defendant replied that they would not

meet as he had leased the property. The last conference between the defendant and the prospective purchaser was held about the middle of September, 1925. At that time it was understood that a further meeting was to be had on the following Monday at which the final agreement was to be made.

There is nothing to show that the defendants acted in bad faith. They could revoke the plaintiff's authority while the negotiations with a prospective purchaser were in progress. *Pagum* v. *White,* 259 Mass. 437. In these circumstances it cannot be held that the terms of sale had been completed. The fact the parties were to meet again is evidence tending to show they did not intend that the previous negotiations should amount to a final agreement. As the alleged agreement was entered into and all the negotiations were had in the State of New Hampshire, the rights of the parties are to be determined by the law of that State where, as in this Commonwealth, it is settled that a broker employed to sell property is entitled to a commission when he brings to his principal a customer who is able and willing to purchase the property on the terms stated by his principal. *Parker* v. *Estabrook,* 68 N. H. 349. *Morrison* v. *Hall,* 78 N. H. 48. *Wilson* v. *Atwood,* 81 N. H. 61, 65. *Fitzpatrick* v. *Gilson,* 176 Mass. 477. There was no evidence which warranted a finding that any final agreement had been procured by the plaintiff for the sale of property on the defendant's terms. *Glendon* v. *Pyne,* 275 Mass. 528. Even if the evidence had warranted a finding that a final agreement had been entered into between the defendants and Brown upon the terms stated in the record, the plaintiff would not be entitled to recover as the agreement did not cover all the terms essential to the sale of the property. There was no agreement as to the time the deed and mortgages were to be delivered. *Flax* v. *Sovrensky,* 262 Mass. 60, 62. Nothing was said about the rate of interest on the first mortgage or when the principal was to be made payable. All these material provisions relating to the mortgage apparently were left at the last conference between the parties for further consideration and settlement.

*Elliott* v. *Kazajian,* 255 Mass. 459, 463. *Goldstein* v. *Ziman,* 259 Mass. 430. *Flax* v. *Sovrensky,* 262 Mass. 60. *Zakszewski* v. *Kurovitzky,* 273 Mass. 448. As the evidence shows it to have been contemplated by the parties at the last conference that a further conference was to be had at which a final agreement was to be consummated, and as all the terms essential to the sale of the property were not agreed to between the defendant and the prospective purchaser, the plaintiff cannot recover. The trial judge rightly directed a verdict for the defendants, and in accordance with the terms of the report the entry must be

*Judgment on the verdict.*