## JOHN HERBERT *vs.* HARRY JAFFE.

Suffolk.   November 14, 15, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Broker*, Commission.

At the trial of an action by a broker for a commission, the evidence showed merely that the defendant offered to pay the plaintiff "a full commission" for procuring a customer for the defendant's property; that the plaintiff secured a customer who negotiated with the defendant for an exchange and who finally agreed to pay the defendant in cash a certain sum for which, the defendant had said, he "would do business right away"; that the plaintiff thereupon arranged a meeting between the defendant and the customer at the office of an attorney, at which the defendant promised the plaintiff to be present, stating to him that "we will go through with it"; that, at a discussion of the amount of the plaintiff's commission between the plaintiff and the defendant previous to the time set for the meeting, the plaintiff refused to reduce his commission, whereupon the defendant "refused to go through with the deal"; and that the customer was "ready, able and willing to take the property over on the defendant's terms." *Held*, that

(1) The plaintiff had not earned his commission before his authority was revoked by the defendant, since the defendant and the customer then had not agreed upon one of the essential terms of their bargain, the time for passing papers and for the payment of cash to the defendant by the customer: the evidence respecting the meeting arranged between the parties was at least as consistent with the view that the meeting was for the purpose of arranging for a formal agreement as with the view that it was for the purpose of carrying out an agreement already made;

(2) A finding of bad faith on the part of the defendant was not warranted;

(3) The plaintiff could not recover.

CONTRACT.   Writ dated August 15, 1928.

The action was tried in the Superior Court before *Brown*, J.   Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*E. M. Shanley*, for the plaintiff.

*J. M. Graham*, for the defendant.

FIELD, J. This is an action of contract by a real estate broker for a commission. A verdict for the defendant was directed. The case is reported on the terms that "if the action should have been submitted to the jury, judgment is to be entered for the plaintiff in the sum of $2,500."

The verdict was directed rightly.

Findings were warranted that the defendant, who owned certain real estate subject to mortgage, offered to pay the plaintiff "a full commission" if he would procure a customer therefor "in trade" or "in cash," and that the plaintiff produced a person, also owning real estate subject to mortgage, who negotiated with the defendant for exchange of their equities. The plaintiff testified that the defendant told the prospective customer that for $10,000 in cash he "would do business right away," that later this prospective customer agreed with the plaintiff to pay that amount, and that the plaintiff communicated with the defendant and made an arrangement for a meeting of the parties at the office of the attorney for the prospective customer at a time fixed, and the defendant told the plaintiff that he would be there and "we will go through with it," but that before the time set for the meeting the plaintiff and the defendant had a discussion about the amount of the plaintiff's commission and the plaintiff "refused to cut his commission and the defendant refused to go through with the deal." This testimony was corroborated by the testimony of the prospective customer and there was no evidence in the case more favorable to the plaintiff. See *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 409. The customer testified, that she was present at her attorney's office at the time fixed "ready, able and willing to take the property over on the defendant's terms" and had money on deposit more than sufficient to make the cash payment.

The plaintiff was not entitled to his commission unless, before his authority was revoked, he produced a customer able, ready and willing to acquire the defendant's property upon the defendant's terms (*Doten* v. *Chase*, 237 Mass. 218, 220), though it was not essential that a sale or exchange

be consummated. *Frankina* v. *Salpietro*, 269 Mass. 292, 294–295. The evidence here did not warrant a finding that the terms of the proposed bargain were agreed upon between the prospective customer and the defendant before the defendant refused to "go through with the deal." It did not appear that a definite agreement was ever reached as to the time when the deeds should be passed and the cash payment made. Even if the more specific testimony of the prospective customer, a witness for the plaintiff, not here recited, which tended to show that it was not intended that the oral negotiations should amount to a final agreement, is disregarded, the evidence in respect to a meeting of the parties is at least as consistent with the view that the meeting was for the purpose of arranging for a formal agreement as with the view that it was for the purpose of carrying out, by an exchange of deeds and the payment of money, an agreement previously made. Compare *Doten* v. *Chase*, 237 Mass. 218, 220; *Flax* v. *Sovrensky*, 262 Mass. 60, 62. The time for passing title and making payment was an essential term of a completed bargain. *Flax* v. *Sovrensky*, 262 Mass. 60, 62. *Russo* v. *Slawsby*, 276 Mass. 126, 129. *C. F. Noyes National Realty Corp.* v. *Kinnell Realty Corp.* 277 Mass. 175, 178. Whether any other essential term which the law would not supply was left unexpressed need not be considered. Compare *Laidlaw* v. *Vose*, 265 Mass. 500, 505. Since an essential term of the proposed bargain between the defendant and the prospective customer was never agreed upon, the plaintiff has not earned his commission. *C. F. Noyes National Realty Corp.* v. *Kinnell Realty Corp.* 277 Mass. 175, 178–179, and cases cited. There was no evidence of bad faith on the part of the defendant. *Elliott* v. *Kazajian*, 255 Mass. 459, 462. *Flax* v. *Sovrensky*, 262 Mass. 60, 62.

*Judgment on the verdict.*