SAMUEL LIEBERMAN & another *vs.* ABRAHAM I. COHN.

Suffolk.    December 9, 1932. — November 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Broker,* Commission.    *Contract,* What constitutes.

At the trial of an action of contract for a commission as real estate broker, there was evidence that the defendant offered to pay the plaintiff a commission for procuring a customer; that the plaintiff procured for the defendant a prospective customer for an exchange of real estate; that, in the course of oral negotiations between the defendant and the customer, a "bargain" was "closed" on certain terms; that the defendant said to the customer, "the deal is made," and told the plaintiff that he was entitled to be paid for his work; that the following day the defendant again looked at the customer's real estate, told him "Everything is perfect," was shown by him a check for an agreed deposit, and said to him, "Well, everything is O.K." The customer testified that the negotiations were "finished" as to "terms and details" and there "was nothing else to do except make up the agreement and take the check and give to him — later to look up the title." There was further evidence that the parties were to go to a lawyer's office where the terms of the bargain were to be reduced to a binding agreement in writing, but that that never was done, the defendant refusing to go on with the exchange on the stated terms and insisting upon a larger payment of cash than that which had been agreed upon orally. *Held,* that

(1) A finding was warranted that the defendant accepted the customer on terms satisfactory to the defendant and finally agreed upon orally, without waiting for a reduction of the agreement to writing, which was to be done merely to make it binding between the defendant and the customer;

(2) Proof of a binding agreement between the defendant and the customer was not essential to recovery by the plaintiff.

At the trial of the action above described, the defendant contended that the terms of the exchange as agreed upon in the course of the oral negotiations did not include all the essential terms of such a transaction, in that there was no sufficient provision fixing the time for passing papers. There was evidence that, when in the course of the oral negotiations the "bargain" was "closed," it was a term thereof that the customer "naturally" was to "look up the title — it might take . . . [him] a week or so, then" he would "give" the defendant a stipulated amount of cash, which payment was to be made "on the passing of the papers." *Held*, that

(1) The terms of the "bargain" imported that the papers were to be passed and the cash payment made as soon as a reasonable time for examination of title had elapsed;

(2) A finding was warranted that the time for the passing of the papers was sufficiently definite.

Evidence at the trial of the action above described, that the defendant and the customer told each other of the encumbrances on their properties and that "Everything was taken up" between them, with the other evidence above recited, warranted a finding that all the essential terms of the exchange which the law would not supply were agreed upon.

The evidence warranting a finding that the defendant in the action above described had accepted the customer, it was not necessary for the plaintiff to prove that the customer's wife was ready, willing and able to sign a second mortgage which the customer was to give upon the property conveyed to him by the defendant.

CONTRACT OR TORT. Writ dated November 16, 1928.

The declaration contained counts in contract only.

The action was tried in the Superior Court before, *Keating*, J. Material evidence is described in the opinion. There was a verdict for the plaintiffs in the sum of $3,210.09. The defendant alleged exceptions.

*J. N. Welch,* (*H. Cohn* with him,) for the defendant.

*E. M. Dangel,* (*L. E. Sherry & L. Aronson* with him,) for the plaintiffs.

FIELD, J. This is an action of contract to recover a real estate broker's commission. There was a verdict for the plaintiffs. The case comes before us on the defendant's

exceptions, the only one argued being an exception to the denial of a motion for a directed verdict.

The motion was denied rightly.

The evidence tended to show that the defendant offered to pay a commission to the plaintiffs for procuring a customer able, ready and willing to purchase real estate of the defendant upon the defendant's terms. But the defendant contends that the evidence did not warrant a finding that the terms of sale were fully agreed upon between the defendant and the prospective customer before the defendant withdrew from the negotiations and, consequently, that the defendant could so withdraw without incurring any liability to the plaintiffs for a commission. See *Zakszewski* v. *Kurovitzky*, 273 Mass. 448.

A finding that the terms of sale were fully agreed upon before the defendant withdrew could have been made. There was evidence of oral negotiations between the defendant and one Spevak, procured as a prospective customer by the plaintiffs, for an exchange of real estate owned by them subject to a mortgage on the basis that Spevak, in addition to conveying his real estate to the defendant, subject to the mortgage thereon, would make a deposit of $500 on the day of (or the day before) the signing of an agreement, pay $2,500 cash on the passing of papers, and give to the defendant a second mortgage of the real estate conveyed by him to Spevak "for $2,500 for one year, payable $100 monthly, at 6 per cent interest." There was evidence, however, that the terms of the bargain between the defendant and Spevak were to be reduced to writing and that before they were reduced to writing — as they never were — the defendant refused to go on with the exchange on the terms above stated, insisting that Spevak should pay the entire amount of $5,500 in cash; and there was no evidence to the contrary.

The defendant argues that there was never more than a qualified acceptance by him of the terms of the proposed exchange. But there was testimony to the effect that, in the course of the oral negotiations, the "bargain" between the defendant and Spevak was "closed" on the terms above stated; that the defendant said to Spevak, "the deal is

made," and told one or both of the plaintiffs that they were entitled to be paid for their work; that the following day the defendant again looked at Spevak's real estate, told him "Everything is perfect," was shown by Spevak his check for the amount of the deposit and said to Spevak, "Well, everything is O. K." On this evidence, considered in connection with the other evidence in the case, it could have been found that the defendant accepted Spevak as a customer on the defendant's terms without waiting to have the terms of the bargain embodied in a writing constituting a binding agreement between the defendant and Spevak. *Buono* v. *Cody*, 251 Mass. 286. *Frankina* v. *Salpietro*, 269 Mass. 292. Proof of a binding agreement between the defendant and Spevak was not necessary. *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478–479. *Green* v. *Levenson*, 241 Mass. 223. And though the circumstance that the parties were to go to a lawyer's office to have a written agreement drawn up tended to show that they did not intend the previous oral negotiations to amount to a final agreement upon the terms of the exchange (*Flax* v. *Sovrensky*, 262 Mass. 60), this circumstance was not conclusive. *Donovan* v. *Freeman*, 263 Mass. 561. Spevak testified in substance that the negotiations were "finished" as to "terms and details" and there "was nothing else to do except make up the agreement and take the check and give to him — later to look up the title." This testimony, with the other evidence in the case, warranted a finding that the terms of the exchange were finally agreed upon in the oral negotiations and that the purpose of the contemplated written instrument was to put those terms in a form which would be binding between the defendant and Spevak. The present case is distinguishable from *Doten* v. *Chase*, 237 Mass. 218, relied on by the defendant, because of evidence here of unqualified acceptance of the terms of the bargain, not found in that case, and from *C. F. Noyes National Realty Corp.* v. *Kinnell Realty Corp.* 277 Mass. 175, and like cases, also relied on by the defendant, because of the lack of evidence in those cases that the parties had agreed on essential terms of the bargains.

The defendant also argues that the terms of the exchange

as agreed upon in the course of the oral negotiations did not include all the essential terms of such a transaction. One contention is that no sufficient provision fixing the time for passing papers was shown. There was no evidence that the exact date for passing papers was agreed upon. But there was testimony that when in the course of the oral negotiations the "bargain" was "closed," it was a term thereof that Spevak "naturally" was to "look up the title — it might take . . . [him] a week or so, then" he would "give" the defendant "$2,500 in cash," and there was evidence that this payment was to be made "on the passing of the papers." This term of the bargain naturally imports that the deeds were to be exchanged and the cash payment of $2,500 made as soon as a reasonable time for examination of title had elapsed. The bargain on this point was sufficiently definite (see *Laidlaw* v. *Vose*, 265 Mass. 500) —more definite than the bargains held incomplete in this particular in *Herbert* v. *Jaffe*, 281 Mass. 202, 204, and cases cited therein to this point. See also *Goldman* v. *Goodman*, 265 Mass. 347. So far as other terms of the exchange are concerned, there was evidence that the defendant and Spevak told each other of the mortgages and leases on their properties and that "Everything was taken up" between them. From this evidence and evidence already recited, particularly the evidence that the negotiations were "finished" as to "terms and details," it could have been inferred that all the essential terms of the exchange which the law would not supply were agreed upon. *Whitkin* v. *Markarian*, 238 Mass. 334. *Laidlaw* v. *Vose*, 265 Mass. 500, 505.

There was evidence that it was a term of the exchange that Mrs. Spevak sign the second mortgage. And the defendant contends that the plaintiffs must prove her readiness, willingness and ability to do so. But she was neither the customer nor a person who was to take title, alone or jointly, to the defendant's real estate (see *Belisle* v. *Barry*, 253 Mass. 475), and her attitude and ability were material only as they bore upon the question whether her husband was a customer ready, willing and able to purchase on the defendant's terms. If, as the jury might have found, the

defendant accepted him as such a customer, it "does not lie in the defendant's mouth to claim . . . that other evidence was necessary to prove that the customer was ready, able and willing to purchase." *Whitkin* v. *Markarian*, 238 Mass. 334, 336–337. *Frankina* v. *Salpietro*, 269 Mass. 292, 295. The ability of Spevak to secure the signature of his wife to the second mortgage falls within this principle.

*Exceptions overruled.*