Sullivan, J.
In this action of contract the plaintiff seeks a broker’s commission on the sale of property belonging to the defendant and the latter denies that the plaintiff sold the property, but the sale was made by another, who was paid for his services.
The following requests of the defendant were denied:
1. Upon all the evidence a finding for the plaintiff is not warranted. 2. Upon all the evidence the plaintiff cannot be found to be the efficient cause of the sale. 3. No binding offer was ever obtained by the plaintiff for the purchase of the defendant’s property. 4. There is no evidence upon which the plaintiff can recover.
The case is succinctly stated in the trial court’s finding in which the facts are not in dispute. The court found that the defendant owned property at 28 Tanager St., Arlington which she listed for sale in June, 1942 for $9,000. and upon which there was no encumbrance. The selling price was *34 later reduced to $6,500. cash and the plaintiff informed one, Pike, that he could buy it for $6,000. but the latter stated he had $600. only. The plaintiff' in November, 1942 informed the defendant of his offer to sell to Pike for $6,000. but the defendant refused to agree to such offer. Nothing further was done at the time to further the sale by the plaintiff until he read the recording of a deed of the premises in the Banker & Tradesman, a newspaper. In December, 1942 the defendant met a, Mr. Paul, a real estate broker, who sold her a house at 61 Florence St., Arlington and she told him she wanted to sell her house on Tanager Street, having talked the situation with Pike but no sale was made. Paul contacted Pike, showing him the defendant’s house, Pike having first examined the house with the plaintiff broker in November, 1942. After frequent conferences between Pike and Mrs. Nix, Paul prepared papers for a sale of the premises for $6,000.; $300. being paid on March 6, 1943 the date of the signing of the agreement ; $3,800. to be paid March 27,1943 and the balance to be paid by a mortgage running for ten years at the monthly rate of twelve dollars; Paul receiving $100. for his services. The trial court found that the plaintiff, though he was not told that he was the exclusive agent of the defendant and never discharged as such agent, his services “were important in effecting the sale”. There was a finding for the plaintiff in the sum of three hundred dollars.
The plaintiff was not entitled to. his commission unless, before his authority was revoked, he produced a customer for the sale of the house on Tanager St., who was ready, able and willing to purchase it on her terms, though it was not essential that a sale be consummated. Herbert vs. Jaffe, 281 Mass. 202, 203. Kacavas vs. Diamond, 303 Mass. 88, 91.
The trial court has found the plaintiff’s services to be “important in effecting the sale”. The trial court to find *35 for the plaintiff should have found that the plaintiff was the efficient cause of the sale, not the important cause.
It is stated in Holton vs. Shepard, 291 Mass. 513 @ 516 “Where the sale is made to a customer produced by the broker, he may be found to be the efficient cause although not personally conducting all the negotiations leading to the transfer . . . The terms proposed by the broker and those finally adopted' in the sale need not be identical . . . The broker may make out his case if he produces the customer to whom the sale is made without termination of his employment . . . and no new.forces enter into the transaction which break the casual relation between his efforts and the sale.” Kacavas vs. Diamond, supra @ p. 91 and 92.
There was no evidence that the plaintiff had the exclusive right to sell the property in question. The property was listed by the plaintiff in June 1942. and the offer of sale to Pike was refused by him as too high, though Pike went through the premises with the plaintiff. In Dec. 1942, while the defendant was completing the purchase of another house, through the agency of one Paul, a broker, she informed the latter that she wished to sell the property in question, having contacted Pike but there was no sale. Paul interested Pike in the purchase of the Tanager St. property, took him through the house and after conferences with the parties interested, put through the sale in March, 1943, the selling price being $6,000., the defendant taking a mortgage of $1,900., the balance in cash to her. Paul did all the work necessary to put through the deal and was present at the passing of the.papers and in such services rendered by Paul, the plaintiff had no part. In these circumstances it clearly is shown that Paul was the efficient cause of the sale and not the plaintiff who had no part.
The plaintiff’s undertaking was to produce a customer able, ready and willing to purchase on the defendant’s *36 terms. The evidence does not warrant a finding that he did produce such a customer or that his negotiations were approaching success, but rather compels a finding that he did not produce such a customer and that his efforts to do so had ceased.
Defendant’s requests Nos. 1 and 2 were rightly denied in that they are violative of the well known Buie 27 of the District Court Buies 1940 requiring specifications; request No. 3 was rightly denied in that it was a request for a finding of fact. The fourth request should have been granted; In order to have recovered it was necessary for the plaintiff to prove that he was the efficient cause of the sale. The trial court in his finding of facts found simply that he was important in effecting the sale and indeed from the evidence, all of which was undisputed, that is as far as the evidence would permit the trial court to go.
Finding for the plaintiff is vacated and a finding for the defendant is ordered.