Pettingell, P. J.
Action of contract to recover a broker’s commission for the sale of real estate. There was testimony that the defendants listed the real estate for sale with the plaintiffs at $4800; that later, when the plaintiffs had a prospective customer, the male defendant stated that the defendants wanted $5000 and to the plaintiffs’ reply that the plaintiffs’ commission was $300 and that the price *134 to the customer would have to be $5300, the male defendant said thqt that would be satisfactory.
There was evidence that a customer, willing to pay that amount was found, that the male defendant said the property was sold, that the customer paid $200 as a deposit on the purchase price and signed an agreement of purchase and sale. The defendants then refused to sign until they had seen a lawyer and ultimately the wife refused to sign at all.
The trial judge found as follows:
“I find that the defendants employed the plaintiffs, as brokers, to find a customer able, willing and ready to purchase their property for $5300. on terms satisfactory to defendants and promised to pay a commission of $300 therefor; that it was not a condition of their employment that a completed sale should be made before the commission was earned; that in all matters concerned in the sale the defendant, Albert Taintor, was his wife’s agent, and that she authorized him to sell on the terms set forth in Exhibit 2, except that he would not give his final word until he had consulted Mr. Fox; that it was contemplated by both seller and buyer that a written agreement should be entered into for the purchase and sale of the property. I find that Moody was able, ready and willing to purchase on the terms set forth in Exhibit 2. I further find that the impelling reason for the defendants’ failure to consult Mr. Fox about this agreement was that Mrs. Taintor was unwilling to make the sale, and that her agreement or disagreement with the terms of sale did not enter into the matter.
If material I find that the fair value of the plaintiffs ’ services is $300.”
He then continued:
“I find for the plaintiffs in the sum of $300, and now report the case under the provisions of section 108 of Chapter 231 of the General Laws for determination of the question whether that finding is warranted as matter of law on the facts above reported.”
*135 The sole issue in this case is whether the evidence warranted the finding of the trial judge for the plaintiffs.
The contention of the defendants is, that the negotiations between the buyer and sellers were broken off before any final agreement was made and while there were terms still to be agreed upon. If such were the facts, the plaintiffs were not entitled to a commission. Doten v. Chase, 237 Mass. 218, at 220, 221. Palmer v. Cherney, 270 Mass. 551, at 556. Zakzewski v. Kurovitsky, 273 Mass. 448, at 450. Russo v. Slawsby, 276 Mass. 126, at 129. C. F. Noyes &c Corp. v. Kinnell Realty Corp., 277 Mass. 175, at 178. Herbert v. Jaffe, 281 Mass. 202, at 203, 204.
The trial judge, however, was not compelled on the evidence to find that there were details of the transaction yét to be agreed upon. The evidence warranted his finding that “the terms of the exchange were finally agreed upon in the oral negotiations and that the purpose of the contemplated written instrument was to put those terms in a form which would be binding between the defendant and the purchaser. Lieberman v. Cohn, 288 Mass. 327, at 330; “that the written agreement that was to be prepared was to be no more than a convenient memorial or record of the terms of the bargain which had already been concluded in all essential details that the law would not supply.” Church v. Lawyers Mortgage Investment Company, Mass. Adv. Sh. (1943) 1699, at 1703. “The only question then is whether the finding that they did agree can be supported upon any reasonable view of the evidence including all the rational inferences of which it was susceptible.” Haney v. Beaton, 314 Mass. 677, at 679. In our opinion the evidence here would warrant such a finding. The defendant did not bring to the attention of the trial judge a single item as to which there was a non-agreement, or which remained to be agreed upon. On the other hand there was evidence from *136 which he could find that all details had been agreed upon and that the male defendant, who was doing all the talking for the defendants, had accepted the customer.
The case falls within the principle of such cases as Cohen v. Ames, 205 Mass. 186, at 188, 189; Lieberman v. Cohn, supra; Sherman v. Briggs Realty Company, 310 Mass. 408, at 413; Haney v. Beaton, supra; Church v. Lawyers Mortgage Investment Company, Mass. Adv. Sh. (1943) 1699, at 1703, 1705.
There is another reason why there was no error in the trial judge’s finding for the plaintiffs. He has found that “the defendants employed the plaintiffs, as brokers, to find a customer, able, willing and ready to purchase their property for $5300.” on terms satisfactory to the defendants, and “that it was not a condition of their employment that a completed sale should be made before the commission was earned.” This definitely defines the terms of the contract between the parties. Where the contract is to produce such a customer the broker can recover if he performs his contract, although the owner refuses to carry the transaction through to a sale. Fitspatrick v. Gilson, 176 Mass. 477, at 478. Taylor v. Schofield, 191 Mass. 1, at 4. Cohen v. Ames, supra. Whitkin v. Markarian, 238 Mass. 334, at 336. Laidlaw v. Vose, 265 Mass. 500, at 502, 503. Boyle v. Goldenberg, 267 Mass. 24, at 28. Frankina v. Salpietro, 269 Mass. 292, at 294, 295. Stern v. Old Colony Trust Co., 276 Mass. 456, at 457, 458. Winchester v. Erickson, 281 Mass. 210, at 213. Franklin v. Davis, 286 Mass. 202, at 204. Westlund v. Smith, 291 Mass. 96, at 99. Haney v. Beaton, supra, at 679.
No request for a ruling challenges the sufficiency of the evidence to warrant the finding made by the trial judge.
As there was no prejudicial error, the report is to be dismissed.