SAMUEL J. CHAPIN *vs.* IRVING C. RUBY & others.

Suffolk. May 7, 1947. — June 30, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Broker*, Commission.

A broker was not entitled to a commission merely by having brought to the owner of the entire beneficial interest in the capital stock of a corporation operating a store one who was ready, able and willing to accept a proposition of the owner to sell "the business" for a certain amount of cash "plus the merchandise at cost, and to take a ten years' lease of the premises which" the owner said he could obtain, where it appeared that it was contemplated by the parties that their attorneys would "get together and" settle details and "draw the necessary agreement or agreements," and the owner about twenty days later, while no agreement had been drawn up, withdrew his offer.

BILL IN EQUITY, filed in the Superior Court on February 8, 1945.

The case was heard by *Williams*, J.

*A. F. Hassett*, (*F. Juggins & G. Gruzen* with her,) for the plaintiff.

*A. J. Zimmerman*, (*S. Zimmerman* with him,) for the defendants.

SPALDING, J. This is a suit to recover a broker's commission.[1] The judge, after hearing, filed "findings, rulings, and order for final decree," in accordance with which a final decree was entered dismissing the bill. From this decree the plaintiff appeals. The evidence is not reported. The judge did not state that his findings (which appear to have been voluntary) constituted all of the material facts on which the order for decree was based. But considering the scope and extent of the findings and the fact that the parties have dealt with them as containing all of the material facts, we shall treat them on that basis. See *Druker* v. *Druker*, 308 Mass. 229, 230. Compare *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562. Thus the question is whether the decree is warranted on the findings. *Goldston* v. *Randolph*, 293 Mass. 253, 255. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The findings may be summarized as follows: Irving C. Ruby (hereinafter called the defendant) during the times here material owned all of the capital stock of the Brookline Liquor Mart, Inc. (hereinafter called the corporation), which owned and operated a so called package store at No. 1354 Commonwealth Avenue, Boston. Some of the shares stood in the names of others who held them "as straws" for the defendant. On or about December 10, 1944, the plaintiff, who is a real estate and business broker, asked the defendant if he wished to sell "his business." The defendant told him that "he would sell the business for $35,000 including all the fixtures, and would take 'dollar for dollar' for the liquors, wines and cordials, the price being based on

---

[1] The case is on the equity side of the court because the plaintiff sought to reach and apply the shares of stock owned by the defendant Irving C. Ruby in the Brookline Liquor Mart, Inc., also a defendant.

cost and invoice value." It was agreed that the plaintiff's commission would be $2,500.

Shortly thereafter, the plaintiff brought to the defendant three men (hereinafter called the customers) who, after looking over the store, fixtures and merchandise, "were ready, able and willing to accept . . . [the defendant's] proposition to buy the business for $35,000 plus the merchandise at cost, and to take a ten years' lease of the premises which . . . [the defendant] told them he could obtain." [1] The customers then took the matter up with their attorney, and the defendant consulted his lawyer. "It was contemplated by the parties that the two attorneys, probably accompanied by their clients, would get together and draw the necessary agreement or agreements." It was necessary to take an inventory of the merchandise and to ascertain the invoice price of it. It was also necessary to arrange for the transfer of the shares of stock of the corporation from the various holders into the names of the purchasers. And arrangements had to be made either for the assignment of the existing lease of the premises or for a new lease. Despite the plaintiff's efforts to bring the parties together, they never met thereafter and no agreement was drawn up. Shortly after New Year the defendant, through his attorney, notified the plaintiff that he "was not willing to go through with the proposition."

The judge concluded "that while . . . [the plaintiff] produced customers ready, able and willing to purchase the business on the terms of . . . [the defendant], their acceptance of . . . [the defendant's] proposition, made through . . . [the plaintiff] and later by . . . [the defendant] himself, was a qualified acceptance, dependent upon arrangement of details to be made by the attorneys. In concluding a transaction involving perhaps some $70,000, the parties intended, before being bound, to put the matter in final form through some written agreement provided by their respective attorneys." The judge ruled that, inasmuch

---

[1] The title to the real estate where the package store was located was in the defendant's wife. The corporation occupied the premises under a ten year lease which in December, 1944, had approximately nine years to run.

as the plaintiff was discharged before "the customers had finally and definitely accepted the terms of the agreement in the manner above suggested," he was not entitled to a commission.

The decree entered in the court below was right.

If the finding of the judge that the customers produced by the plaintiff "were ready, able and willing to accept . . . [the defendant's] proposition to buy the business for $35,000 plus the merchandise at cost" stood alone, the plaintiff should prevail.    To recover a commission a broker ordinarily is required to prove only that he produced a customer who was able, ready and willing to purchase on the seller's terms.    *Buono* v. *Cody*, 251 Mass. 286, 290.    *Lieberman* v. *Cohn*, 288 Mass. 327.    *Maher* v. *Haycock*, 301 Mass. 594, 595.    *Barsky* v. *Hansen*, 311 Mass. 14, 16.    *Magann* v. *Lawler Bros. Theatre Co.* 312 Mass. 317.    *Church* v. *Lawyers Mortgage Investment Corp. of Boston*, 315 Mass. 1, 8.    His right to a commission is not affected by the failure of the customer and seller to enter into a binding agreement, or by the refusal of the seller to carry out the transaction.    *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478–479.    *Cohen* v. *Ames*, 205 Mass. 186, 188.    *Green* v. *Levenson*, 241 Mass. 223, 224.    *Lieberman* v. *Cohn*, 288 Mass. 327, 330.    *Sherman* v. *Briggs Realty Co.* 310 Mass. 408, 413.

But the finding to which we have just referred must be read in conjunction with the subsequent finding to the effect that the customers' acceptance of the defendant's offer was a qualified one, dependent upon the parties settling the details of the bargain and incorporating them in a formal agreement.    The latter finding, we think, is not to be treated as inconsistent with the earlier finding and must be construed as controlling it.    Inasmuch as the acceptance of the defendant's offer was qualified, it cannot be said that the plaintiff had produced a customer ready, able and willing to purchase the business on the defendant's terms.    And it appears that the negotiations remained in this state down to the time of the revocation of the plaintiff's authority by the defendant.    The plaintiff, therefore, has failed to establish his right to a commission.    *Doten* v. *Chase*, 237 Mass.

218. *Goldman* v. *Goodman*, 265 Mass. 347, 349. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448, 450. *C. F. Noyes National Realty Corp.* v. *Kinnell Realty Corp.* 277 Mass. 175, 178–179. Since there was no bad faith on his part, the defendant could, without liability to the plaintiff, discharge him at any time before the customers had unqualifiedly accepted the terms of the offer. *Cadigan* v. *Crabtree*, 186 Mass. 7, 12–13. *Elliott* v. *Kazajian*, 255 Mass. 459, 462. *Pagum* v. *White*, 259 Mass. 437, 439. *Flax* v. *Sovrensky*, 262 Mass. 60, 62. *Brooks* v. *Gregory*, 285 Mass. 197, 205. In the opinion of a majority of the court the decree dismissing the bill must be

*Affirmed with costs.*