JOHN J. RILEY & another *vs.* JACOB HOFFMAN.

Suffolk. November 13, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Agency,* Broker's commission. *Contract,* Performance and breach. *License.*

A real estate and liquor license broker, who is employed by a liquor dealer to sell at a price named the business carried on by him on certain premises of which he is the lessee, on the conditions that the customer can obtain a license to sell intoxicating liquors and that the landlord will consent to an assignment of the lease, does not earn a commission by procuring a purchaser willing to pay the required price, if the sale fails of completion because, without fault of either the seller or the buyer, no license for the buyer to sell intoxicating liquors can be obtained and the landlord will not consent to an assignment of the lease to the buyer.

CONTRACT by the members of a firm of real estate and liquor license brokers against a liquor dealer to recover a commission of $600 for procuring a customer ready to purchase the defendant's liquor business, stock in trade, good will and fixtures for $22,000. Writ dated July 10, 1909.

In the Superior Court the case was heard by *McLaughlin*, J., without a jury. The judge refused a request of the plaintiffs to rule that on all the evidence they were entitled to recover, and made a memorandum of findings as follows:

"The defendant, who was the lessee of certain premises on Washington Street [in Boston], carrying on business there as a licensed liquor dealer, employed the plaintiff [referring to the one of the plaintiffs who represented both of them in this transaction] to find a customer for his business, agreeing, if the plaintiff effected a sale thereof for the sum of $22,000, to pay him the sum of $600 as a commission.

"The plaintiff in good faith procured a customer, one Sullivan, who was ready, able and willing to buy, and who entered into a written agreement with the defendant to purchase for the sum of $22,000. The business without the license, or the license without the lease, would have been useless to such purchaser as the parties intended should be procured. This fact was well understood by the plaintiff and the defendant, and the contract between Sullivan and the defendant contained the following clause:

"'It is further agreed between the parties that if the party of the second part (Sullivan) is not accepted by the landlord as a tenant, or if the party of the second part is not accepted by the said Excise Board (meaning the Licensing Board for the City of Boston established under St. 1906, c. 291) as a licensee, then the said parties of the first part (Hoffman) shall forthwith pay back and refund to the party of the second part the said deposit of one thousand dollars ($1,000) paid this day, the receipt whereof is hereby acknowledged, and all claims against each other shall cease and terminate.'

"The landlord refused to accept Sullivan as a tenant, or to assent to an assignment of the lease, unless Sullivan would agree to pay a much larger rental than Hoffman was paying, a condition with which Sullivan refused to comply, or at least never manifested any willingness so to do. The licensing board, furthermore, refused to accept him as a licensee and the business was subsequently sold to another person who was accepted both by the landlord and the licensing board.

"Because Sullivan was not accepted either as a tenant or as a licensee, I find that the contract between him and Hoffman

ceased to be binding; that the plaintiff, therefore, did not effect a sale of the defendant's business, and is not entitled to his commission."

The judge made a general finding for the defendant; and the plaintiffs alleged exceptions.

*J. J. Walsh,* for the plaintiffs.

*Lee M. Friedman,* for the defendant.

BRALEY, J. The defendant, a licensed liquor dealer, employed the plaintiffs to procure a purchaser for the business carried on by him on premises of which he was the lessee, and agreed if a sale were made at a certain price to pay them a fixed sum as a commission. If this had been the entire contract the plaintiffs, when they had found a customer able and willing to buy and pay the price and had notified the defendant, would have earned the commission. *Goodnough* v. *Kinney,* 205 Mass. 203, 204.

But, while the judge found that a customer was procured, his further findings, which were warranted by the evidence, show, that independently of the license or of the lease the business as a going enterprise had no market value, and the plaintiffs understood that they were to effect a sale, upon the conditions that the customer could obtain a license from the licensing board, and that the defendant's landlord would assent to an assignment of the lease. If the lease and the license could have been obtained, a binding sale would have been accomplished. It appears, however, that without the fault of the vendor or of the purchaser neither the license nor the lease was procurable, and, no sale having been consummated, the judge properly declined to rule that upon all the evidence as matter of law the plaintiffs were entitled to recover. *Munroe* v. *Taylor,* 191 Mass. 483, 485.

*Exceptions overruled.*