## ISAAC WHITKIN *vs.* OSCAR MARKARIAN.

Suffolk.   March 18, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Broker,* Commission. *Agency,* Compensation of agent.

At the trial of an action for a commission alleged to be due for procuring for the defendant a customer ready, able and willing to purchase his real estate on terms approved by him, there was evidence that the defendant authorized the plaintiff to sell his house for $8,000 subject to an existing mortgage and gave him other terms of sale which he did not remember at the trial; that the plaintiff procured a customer who was willing to buy the property for $8,000 without reference to any other terms of sale and reported the offer to the defendant and that the defendant said that he was too busy to attend to the transaction and told the plaintiff to "fix it up;" that the purchaser gave the plaintiff as a deposit on account of the sale his check for $100 which was at once handed to the defendant who "laid . . . [it] on the plaintiff's desk and said he did not think his wife would sign" and that "he wanted $8,000 net free of commission;" that the purchaser, who was present, offered to pay $8,000 and one half of the commission, which the defendant refused; that the defendant, knowing who the customer was, raised no objection to his readiness, ability or willingness to perform his offer or to the terms of sale except that he attempted to get a larger amount than that for which he had authorized the sale of the premises. *Held,* that

(1) Findings were warranted that the plaintiff had procured a customer, known and acceptable to the defendant, at a price for which he had authorized the sale of the property; that the terms of sale either were not in question or were such as necessarily followed from an unqualified acceptance of a positive offer; and that the defendant without good reason and without reference to the responsibility of the customer refused to go forward in the transaction;

(2) It could not be ruled that upon all the evidence the defendant was entitled to judgment;

(3) Upon such facts being found, the defendant was precluded from contending, in order to defeat the plaintiff's recovery, that other evidence was necessary to prove that the customer was ready, able and willing to purchase.

CONTRACT for $240, alleged to be due to the plaintiff as a commission for procuring a purchaser of real estate of the defendant.

Writ in the Municipal Court of the City of Boston dated May 1, 1920.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following findings and rulings:

"1. The defendant did not employ the plaintiff as broker to sell his house.

"2. The defendant did not authorize the plaintiff to sell his house as broker.

"3. The defendant did not give the plaintiff or make any terms for the sale of his property.

"4. The defendant did not give the plaintiff all the terms and conditions for the sale of his property.

"5. If the plaintiff was authorized to sell the defendant's property, his authority was revoked before any purchaser was procured and introduced to the defendant, which purchaser was to be ready and willing to buy.

"6. If the defendant authorized the plaintiff to sell his property, he had the absolute right to revoke said authority before a bargain was made by the broker and before commission was earned.

"7. A broker is entitled to commission only when he has procured a customer who is ready and willing to buy on stated terms.

"8. If no term was stated except the fixing of the price, then it is presumed that the entire price shall be paid in cash.

"9. Upon all the evidence the defendant is entitled to judgment."

The judge refused the requests numbered one, two, three, four, five and nine, granted those numbered six, seven and eight, found for the plaintiff and, at the request of the defendant, reported the case to the Appellate Division, who ordered the report dismissed; and the defendant appealed.

*W. B. Grant,* (*J. K. Tertzag* with him,) for the defendant.

*B. Welansky,* for the plaintiff.

JENNEY, J. The terms of the report are not perfectly clear, but the case was considered and decided in the Municipal Court of the City of Boston and argued in this court on the basis that the plaintiff's employment was to procure a customer ready, able and willing to purchase the defendant's property upon terms approved by him. We consider it on that basis and hence cases

like *Munroe* v. *Taylor*, 191 Mass. 483, and *Noyes* v. *Caldwell*, 216 Mass. 525, do not control.

The judge properly could find that the defendant authorized the broker to sell his house for $8,000 subject to an existing mortgage, and gave him other terms of sale which he did not remember at the trial. Although the record is meagre, it appears that the plaintiff procured a customer, one Cox, who was willing to buy the house for $8,000, without reference to any other terms of sale; that the plaintiff reported this offer to the defendant, who said he was too busy to attend to the transaction and told the plaintiff to "fix it up;" that Cox gave the plaintiff as a deposit on account of the sale, his check for $100; that the check was at once handed by the plaintiff to the defendant who "laid . . . [it] on the plaintiff's desk and said he did not think his wife would sign," and further said "he wanted $8,000 net free of commission." Cox, who apparently was present, offered to pay the sum stated and one half of the commission in addition, which offer the defendant refused. The defendant, knowing who the plaintiff's customer was, raised no objection to his readiness, ability or willingness to perform his offer, to the terms of sale, except that he attempted to get a larger amount than that for which he had authorized the sale of the premises. The judge found for the plaintiff.

At the close of the evidence the defendant made certain requests for rulings. The first five related to findings of fact and were properly refused for that reason. All the others were given except that by which the defendant asked the judge to rule that upon all the evidence the defendant was entitled to judgment.

It could have been found that the plaintiff had procured a customer, known and acceptable to the defendant, for a price for which he had authorized the sale of the property; that the terms of sale either were not in question or were such as necessarily followed from an unqualified acceptance of a positive offer; and that the defendant without good reason and without reference to the responsibility of the customer refused to go forward in the transaction. Upon these facts the ruling requested could not properly have been given. *Holden* v. *Starks*, 159 Mass. 503. *Monk* v. *Parker*, 180 Mass. 246. *Cohen* v. *Ames*, 205 Mass. 186. *Goodnough* v. *Kinney*, 205 Mass. 203. *Leland* v. *Barber*, 228 Mass. 144. It does not lie in the defendant's mouth to claim,

in order to defeat the plaintiff's recovery, that other evidence was necessary to prove that the customer was ready, able and willing to purchase.   See *Carpenter* v. *Holcomb,* 105 Mass. 280; *Mansfield* v. *Hodgdon,* 147 Mass. 304; *Tobin* v. *Larkin,* 183 Mass. 389; *Hutchinson* v. *Plant,* 218 Mass. 148, 152.

*Order dismissing report affirmed.*