REGINAL J. MAROIS *vs.* MARIE L. ROY, administratrix.

Plymouth.    May 13, 1931. — September 10, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Evidence,* Of accounting together.    *Executor and Administrator.    Contract,* What constitutes.    *Sale.    Practice, Civil,* Variance.

A finding for the plaintiff was warranted in an action of contract in a district court against an administrator for a balance alleged to have been "found due by the parties in an accounting to-gether," on evidence that the plaintiff sold the defendant's intestate goods at various times and gave a slip with each delivery and a "final slip," there being no writing in evidence signed by the intestate; and findings by the trial judge that no examination of the account, item by item, by the plaintiff and the defendant ever took place, but that they discussed the balance, that the defendant did not question the account, that the defendant agreed to pay it as soon as possible, that except in the defendant's character as administrator there was no relationship of debtor and creditor, and that the defendant in that capacity had had an accounting with the plaintiff.

The date on which such accounting was had was not material so long as it was previous to the date of the writ.

A question of variance in an action in a district court must be raised by the defendant at the trial, and cannot be raised for the first time at the argument in this court on an appeal by him from an order by an appellate division on a report by the trial judge.

CONTRACT.    Writ in the Third District Court of Plymouth dated September 13, 1929.

The action was heard in the District Court by *Briggs,* J. Material evidence and findings and rulings by the trial judge are stated in the opinion.    He found for the plaintiff in the sum of $256.93, with interest and costs, and reported the action to the Appellate Division for the Southern District.    The Appellate Division ordered the entry of a finding for the plaintiff in the sum of $256.93, with interest from the date of the writ only.    The defendant appealed.

*W. N. Cronin*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

WAIT, J.   The plaintiff brought suit to recover for goods sold and delivered to the defendant's intestate. The latter died on September 12, 1928. The declaration was in form as follows: "And the plaintiff says that the defendant owes him the sum of Two Hundred Fifty-six and ninety-three one hundredths ($256.93) as found due by the parties in an accounting to-gether September 11th. A.D. 1928." The answer was a general denial and payment.

There was evidence tending to show that the intestate purchased goods of the plaintiff and received a "final slip" under the McCaskey Register System of keeping accounts which showed a balance due from him of $256.93; that the plaintiff and the defendant administratrix talked about a settlement of the account which the defendant did not question and promised to pay; that a slip in practice was delivered with each delivery of merchandise, but no detailed statement was made of the articles sold and the prices charged; that the plaintiff and the administratrix "checked up together but not item by item." The defendant testified that she and the plaintiff never went over the separate items of the account and that she stated to him that $256.93 was more than she thought the account to be. The "final slip" was introduced in evidence and was the only written evidence. It was not signed by the intestate. The judge, at the defendant's request, ruled that an account stated must be founded on previous transactions which create the relation of debtor and creditor; that it is an agreement between the parties entered into after an examination of the items by which a balance is struck in favor of one and is a final settlement arrived at after allowance or disallowance of the respective claims; that it must be supported by evidence of some writing signed by the party to be charged; and that an action at law upon it lies only where the transactions involved create a relation of debtor and creditor. The defendant requested findings that the plaintiff and the defendant at no time entered into an examination of the items of the alleged account, that no rela-

tionship of debtor and creditor at any time existed between the plaintiff and the defendant, and that the defendant in her official character as administratrix never had business dealings or negotiations with the plaintiff. The judge found that no examination of the account, item by item, by the plaintiff and the defendant ever took place; but that they discussed the balance, that the defendant did not question the account, and did agree to pay it as soon as possible; that except in her character as administratrix there was no relationship of debtor and creditor, but in her capacity as administratrix the defendant did have an accounting with the plaintiff in which the final balance of the claim was discussed, agreed to as correct and to be due, by both parties; and in which she agreed to pay the account as soon as funds became available. He found for the plaintiff in the amount declared for with interest and costs. On report the Appellate Division found no prejudicial error except that interest should be reckoned only from the date of the writ and ordered judgment for the plaintiff in accord therewith. The defendant, appellant, argues that there is a variance because on September 11, 1928, the date alleged in the declaration, the intestate was alive and an accounting with his administratrix was impossible. The date set out was immaterial. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 150. *Beatty* v. *Ammidon,* 260 Mass. 566. Proof of an accounting at any date before the date of the writ was sufficient. Such proof was furnished. Moreover, if the defendant wished to raise the question of variance on the ground that statement of account with the intestate was alleged and none was proved, she should have done so at the trial. It is too late now. *Gifford* v. *Eastman,* 251 Mass. 520, 524. *Walker* v. *Russell,* 240 Mass. 386, 393. *Lafrance* v. *Desautels,* 225 Mass. 324, 328. No error appears.

*Order of Appellate Division affirmed.*