ELMER G. WESTLUND *vs.* EFFIE E. SMITH.

Middlesex. November 15, 1933. — May 16, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Variance, Requests, rulings and instructions. *Broker,* Commission. *Contract,* Performance and breach.

The question whether there was a variance was not raised at the trial of an action by a request by the defendant for a ruling that the plaintiff was not entitled to recover.

A question of variance cannot be raised for the first time in this court.

Where one who had been interested in purchasing certain real estate by a broker employed by the owner thereof offered to pay the broker a certain commission if the owner would sell the property for a certain price; the broker thereupon obtained the owner's signature to a contract to sell for that price, subject to a mortgage payable in quarterly instalments; the mortgage in fact was payable on demand, but the owner and the mortgagee had arranged for the making of quarterly payments thereon; the broker fully informed the prospective purchaser as to the mortgage; the prospective purchaser then signed the contract and also signed and delivered to the broker a writing in which he agreed to pay the broker the commission; and subsequently the prospective purchaser refused to consummate the sale on the ground that the mortgage was not of the character specified in the contract, the prospective purchaser was liable to the broker for the commission: the broker had performed what he was employed by the prospective purchaser to do, and his performance had been accepted by the latter; the fact that the sale was not consummated was immaterial in the circumstances.

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated March 15, 1932.

Upon removal to the Superior Court, the action was heard by *Gray,* J., without a jury. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $300. The defendant alleged exceptions.

The case was submitted on briefs.

*H. Kahn & R. Robinson,* for the defendant.

*L. N. Gordon,* for the plaintiff.

DONAHUE, J. The plaintiff, a real estate broker, interested the defendant in the purchase of a house which had been placed in his hands for sale by the owners and through

him she made an offer which he submitted. This was not accepted but the owners told the plaintiff that they would sell the property to the defendant for $12,700 net if the defendant would pay the plaintiff's commission of $300. When this was reported to the defendant she said that if she was obliged to pay $12,700 for the property she would pay the plaintiff a commission of $200 but if the price was $12,600 she would pay a commission of $300. She gave the plaintiff a check for $500 payable to the order of the owners to be delivered to them as a deposit. On the same day the plaintiff saw the owners and returned to the defendant with a written agreement signed by them, by the terms of which they were to convey the property to the defendant for the sum of $12,600 subject to a mortgage of $10,000, upon which the sum of $9,925 remained unpaid, payable $75 quarterly. The defendant signed the agreement and as part of the same transaction signed and delivered a letter addressed to the plaintiff which stated "In connection with the deal you have negotiated . . . I agree to pay you a commission of $300."

The defendant here raises the question of a variance between the evidence and the allegations in the declaration. Disregarding immaterial allegations (*Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 150), the declaration states in substance that, on or about the day when the agreement was signed, the defendant employed the plaintiff to negotiate for the purchase of a house and agreed to pay a commission of $300 therefor, that the plaintiff did so and that the defendant therefore owed him $300. If the defendant wished to raise the question of variance, she should have done so at the trial. *Marois* v. *Roy*, 276 Mass. 472, 474. This she did not do. It is not presented by her general requests for the ruling that the plaintiff is not entitled to recover, *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395, 404, or by any other request. It cannot be raised for the first time in this court. *Gifford* v. *Eastman*, 251 Mass. 520, 524.

The defendant's answer contained a general denial and plea of payment and further alleged that the plaintiff

falsely represented to her that the property was subject to a first mortgage payable at the rate of $75 quarterly and that on the strength of such representation she agreed to pay $300 to the plaintiff for his services and signed the agreement of purchase. The judge found that the plaintiff fully disclosed the facts to her and her allegation of a misrepresentation has no support in the evidence shown by the record. It there appears that, before the agreement of sale was drawn, the plaintiff had told her that the mortgage was an "open" mortgage, payable on demand, that the mortgagee could demand payment at any time, that the mortgagee had, shortly before, asked the owners to start reducing the principal, that an agreement had been made for the payment of $75 quarterly on account of the principal and that one such payment had been made. The defendant replied that she was not concerned about payments on account of the principal as she was going to place a coöperative bank mortgage on the property. There was also evidence that a few days after the agreement of purchase was signed the defendant told the plaintiff that she did not want the property and asked him to sell it for her as soon as possible, before she took title; the only reason she then gave was the high carrying charges. The defendant refused to take title to the property, stating as her reason that the mortgage was not as represented.

The defendant does not contend that the plaintiff is precluded from recovery by reason of a double employment by seller and buyer not assented to by each. See *Rice* v. *Wood,* 113 Mass. 133. The inference is warranted that the sellers, who proposed that the commission be paid by the defendant, knew, in finally agreeing to sell the property for $12,600, that the commission of $300 was to be paid by the defendant. The plaintiff's relation to each was fully known to the other and there is nothing in the character of his relationship to either which prevents his recovery. *Twohig* v. *Daly,* 248 Mass. 49, 52. *Quinn* v. *Burton,* 195 Mass. 277, 279. *Burr* v. *Beacon Trust Co.* 188 Mass. 131. See *Sullivan* v. *Tufts,* 203 Mass. 155.

The defendant, having decided to purchase the property

and in any event to pay the plaintiff a commission of $200, made the proposal to pay him a commission of $300 if the owners would agree to sell to her for the price of $12,600. She required nothing further from him than the accomplishment of that result. He assented to her proposal and did what he was employed by her to do when he obtained from the sellers a signed written agreement to sell to her at the price which she had fixed. She accepted what he had done as a performance of his undertaking not only by signing the written agreement of purchase and sale but also by giving to him a written obligation to pay him $300 as his commission. She cannot now contend that she did not accept the plaintiff's performance of his undertaking. *Whitkin* v. *Markarian*, 238 Mass. 334, 336–337. *Frankina* v. *Salpietro*, 269 Mass. 292, 295.

When a broker has done what he was employed to do he becomes entitled to compensation. When, as here, his right to recover a commission is not, by the terms of his employment, expressly or by implication, made dependent upon an agreement of purchase and sale being consummated, the fact that because of the neglect or refusal of his principal the agreement is not carried out is immaterial. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Goodnough* v. *Kinney*, 205 Mass. 203. *Walker* v. *Russell*, 240 Mass. 386, 390. *Buono* v. *Cody*, 251 Mass. 286, 290–291.

Cases cited by the defendant are not applicable to the facts in the present case. There was here no misrepresentation by the party who made the agreement with the principal or by the broker, as in *McCarthy* v. *Reid*, 237 Mass. 371, and *Burnham* v. *Upton*, 174 Mass. 408. In *Bemister* v. *Hedtler*, 249 Mass. 40, 43, and in *Carpenter* v. *Blake*, 251 Mass. 47, 49, it was the other party to the transaction and not, as here, the principal who refused to consummate it.

The defendant's requests for rulings that the plaintiff was not entitled to recover and requests which contain assumptions of misrepresentations by the plaintiff were rightly denied.

*Exceptions overruled.*