No. 2933 Northern Middlesex, ss.

SERATA (L. Ritvo)
v. HAMWEY (J. J. Mahoney, G. J. Shagoury)

From the Third District Court of Eastern Middlesex—
Green, J.

Argued June 4, 1941—Opinion Filed August 11, 1941

---

WILSON, J. (Jones, P.J., & Henchey, J.)—This is an action of contract in which the plaintiff seeks to recover a broker's commission from the defendant for procuring a buyer for the defendant's store.

At the trial there was evidence tending to show that the defendant owned a grocery store and meat market and a beer and wine package license, and that he agreed to pay the plaintiff a commission for procuring a buyer for the same. That the plaintiff procured a prospective purchaser, who executed with the defendant a written agreement for said purchase and sale which was introduced in evidence and which provided that the defendant should pay to the plaintiff the sum of $200 for

services as a broker. Thereafter the defendant and the customer agreed not to proceed with the transaction and released each other of all obligations, and the defendant returned to the customer the deposit made at the signing of the agreement.

Although the report purports to contain all the material evidence, it is silent as to the reason which induced the buyer and seller to abandon the sale.

The defendant seasonably filed several requests for rulings but relies solely upon the court's refusal to give numbers 8 and 9, which are as follows:

(8) That the obligation, if any, of the defendant to pay a commission to the plaintiff was dependent upon conditions precedent which were not fulfilled.

(9) That the plaintiff did not procure a customer, who entered into a binding and enforceable agreement with the defendant.

The trial court made specific findings of fact as follows: "On all the evidence I find that the plaintiff was hired by the defendant to procure a customer for defendant's place of business; that he procured a customer and a written agreement was then entered into between the defendant and that customer, binding on both, in which agreement the defendant recognized his obligation to the plaintiff in the sum of $200 for services rendered as broker. I find the plaintiff performed fully his obligation and is entitled to $200 as commission."

It was said in *Fitzpatrick* v. *Gilson*, 176 Mass. 477, 478: "When a broker has found a customer for that for which his principal has employed him to find a customer, the broker has performed his duty and has earned his commission, or, as the proposition is usually stated, if the person produced by the broker is ready, able, and willing to buy, sell, or lend, as the case may be, the broker's commission is earned." See cases cited. . . . "When the broker has produced a customer, his duty is at an end; so far as his rights, or his duty, are concerned, it is immaterial whether a contract is, or is not, made, or, if made, whether it is, or is not, performed."

See also *Higgins* v. *Ginsburg & Goodman, Inc.*, 278 Mass. 497, *Westlund* v. *Smith*, 291 Mass. 96.

In the instant case the broker produced a customer who was ready, able, and willing to buy upon the terms fixed by the parties. No condition was placed upon the transaction except the formation of a corporation which was to be performed by the defendant. Nothing appears in the record to indicate to us that the sale was not consummated because a transfer of the liquor license could not be legally obtained from the licensing authorities, as in *Riley* v. *Hoffman*, 216 Mass. 352. All that appears in the report is that, "Thereafter the defendant and the customer agreed not to proceed with the transaction and released each other of all obligations." It nowhere appears that the plaintiff broker was in any way a party to or cognizant of that release.

The defendant cannot disclaim liability upon his contract with the broker by reason of his own failure to form a corporation which he agreed to do in his written contract with the customer.

It follows that the trial judge was right in refusing to instruct himself as requested by the defendant's eighth and ninth requests, and that so far as appears from the record before us there was no prejudicial error and the report is dismissed.