Rollins, J.
The plaintiff brings this action to recover for services in obtaining a customer for real estate in North Easton.
On December 12, 1947 the defendant employed the plaintiff to sell the real estate for $12,500* and agreed to pay him a commission of 5% for so doing. This agreement was reduced to writing and executed by the parties.
On January 26, 1948 the plaintiff produced one Sproul as a prospective customer willing to pay $11,500'. The defendant decided to accept this offer and the parties agreed the commission should be reduced to $500. The defendant and Sproul entered into a written agreement of purchase and sale on the above terms. Olive P. Hayden, wife of the defendant, became a party to this contract and agreed to join in the deed to be given by the defendant and release her rights of dower and homestead. This written agreement of sale contained the following provision:
*60 “If the seller shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of all parties hereto shall cease . .
The agreement also provided that the property was to be conveyed on or before March 1, 1948.
Sproul was ready to complete the purchase before that date, and the defendant was at all times willing to sign the deed but his wife, Olive P. Hayden, refused to sign it.
The defendant duly 'filed eight requests for rulings of law. The trial judge denied them all and found for the plaintiff in the amount of $500.
The defendant claiming to be aggrieved by the refusal to give the rulings requested, the case is reported to this Appellate Division for determination.
The defendant’s arguments seem to relate principally to the first and sixth requests for rulings which are as follows:
“(1) If the Court finds that there is a provision in the agreement to which the plaintiff is a party as follows: — ‘If the seller shall be unable to give title or make conveyance as above stipulated, any payments made under the agreement shall be refunded and all other obligations of the parties hereto shall cease’ a finding therefore must be for the defendant. . . . ” “ (6) If the Court should find that the defendant was willing to perform his obligations under the contract with the plaintiff but the defendant’s wife refused to release her dower rights in the property, then the Court must find for the defendant.”
In this last request we believe the defendant must have intended to use the word ‘ ‘ purchaser ’ ’ instead of the word “plaintiff.” It is evident the defendant was never willing to perform his agreement with the plaintiff which was to *61 pay him a commission of $500. It is because of-his refusal so to do that this suit was brought. On the other hand the Report shows the defendant was willing to perform his part of the agreement of sale made with Sproul and sign the deed but his wife refused to sign such deed. We shall, therefore, deal with the sixth request as if the word “purchaser” were used therein where the word “plaintiff” is now written.
The issues raised here are simple and clear. They are: Did the defendant obtain a customer ready, able and willing to purchase the real estate upon the plaintiff’s terms? If he did he earned his commission.
The Report shows that the plaintiff secured one Sproul, who was ready and willing to purchase the real estate upon terms satisfactory to the defendant. It shows further that the defendant and Sproul signed, executed and delivered a written agreement of purchase and sale embodying these terms.
When this was done the defendant thereby accepted Sproul as able to buy the real estate and the plaintiff’s commission was earned. Johnson v. Holland, 211 Mass. 363; Roche v. Smith, 176 Mass. 595; Frankina v. Salpietro, 269 Mass. 292; Whitkin v. Markarian, 238 Mass. 334; Ward v. Cobb, 148 Mass. 518.
It is immaterial to the decision of this case whether or not the agreement of purchase and sale between the defendant and Sproul was, or could be, carried out. Taylor v. Schofield, 191 Mass. 1; Cohen v. Ames, 205 Mass. 186; Westland v. Smith, 291 Mass. 96, 99.
It is unnecessary to consider the other requests for rulings. There was no error in their denial. There was no prejudicial error. The order must be Report dismissed.