**SHAWMUT FIRST BANK and TRUST COMPANY[1]**
v.
**James R. GILLIS**
No. 76C-2699

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**March 18, 1981**

**Jeffrey L. McCormick** counsel for plaintiff
**Clayton B. Kimball** counsel for defendant

## OPINION

**WALSH, P.J.** This is a complaint brought by a bank against a real estate agent for rental fees allegedly due on a lease of telephone equipment. From a

---

[1] Formerly known as First Bank and Trust Company of Hampden County, Assignee of Intertel Communications Corporation.

[2] Doing business as Gillis Real Estate and Insurance

judgment denying recovery the plaintiff appeals.

On May ·13, 1973 Intertel Communications Corporation (Intertel) entered into a rental agreement with the defendant for certain telephone equipment. Intertel assigned the lease to plaintiff on July 13, 1973. Defendant subsequently made regular payments until June 6, 1975. Intertel ceased doing business as of June 19, 1975 and the defendant made no further payments.

A paragraph in the lease, designated as number 23, provided: "Lessee agrees that he will not assert against the assignee of the lease, any claim or defense which he may have against lessor." Although evidence showed this paragraph was part of the lease when it was assigned to the plaintiff, no evidence was introduced that the paragraph was part of the lease when first signed by the defendant. The paragraph in question was in different size type than all the others, was the last paragraph on the lease and was actually inserted in the bottom margin of the page. In the facts found by the trial judge was a finding that "The Court finds that the agreement negotiated by the defendant and the salesman of Intertel was materially altered after the defendant signed it, in that paragraph #23 was added to the contract without the knowledge or authority of the defendant . . ."

In addition to the lease agreement, a certificate of completion was introduced into evidence. This contained the following language:

"We hereby acknowledge complete and satisfactory delivery/installation of the property described in the agreement between us dated 5/31/73 and notice of your intention to sell such agreement to the FIRST. In order to induce FIRST to purchase such LEASE agreement we represent to it that the same are free from any defenses, offsets or counterclaims and we hereby waive any claim or offset as against FIRST and recognize its right to enforce such agreement according to their terms free from any defenses, offsets or counterclaims."

There was other evidence, however, that this certificate of completion was never signed by the defendant. It had been signed by his secretary who had no authority to sign checks or to make contracts. Pertaining to this certificate of completion the trial judge specifically found as a fact "that the insertion on the certificate of completion of a similar paragraph was likewise without the knowledge or consent of the defendant; that this paragraph does not bind the defendant . . ."

The evidence further showed that at the time the defendant and Intertel had consummated the original agreement they had also executed a service and maintenance agreement pertaining to the repair and upkeep of the property. The judge found that this was an integral part of the original agreement and set forth in his facts,

"that the service aspect of the Intertel undertaking was unilaterally deleted from the contract by Intertel or its salesman prior to the attempted assignment to the plaintiff; that the service aspect of the contract was a material part of the agreement . . . that Intertel would continue to service the equipment covered by the purchase paper, failing which the plaintiff can terminate its agreement with Intertel."

The judge ultimately found,

"that the contract documents and their assignment were put together by Intertel personnel and sent to the plaintiff; that the so-called assignment by Intertel to the plaintiff on its · face is defective; that whatever effect the

defect may have, and the court makes no finding or ruling thereon, the court finds for the defendant because of the inability of Intertel to perform a material part of the contract."

The bank had notified the defendant by letter on June 19, 1975 that he would have to look elsewhere for service at his own expense.

The findings of the trial judge are basically determinative of the case. Plaintiff's case relies on a finding that defendant waived the assertion against it of defenses he had against Intertel. G.L. c. 106, sec. 9-206.[3] The court did not make such a finding and the defendant is therefore free to assert Intertel's failure to perform as a defense against the plaintiff. G.L. c. 106, sec. 9-318.[4]

The question remains whether or not Intertel's inability to perform its service obligations allows defendant to withhold payments due under the lease agreement to the assignee of the lease. Plaintiff contends that the defendant never had problems with the equipment and therefore never requested service from Intertel which was denied. Intertel cannot be in breach, plaintiff argues, until such time that service is required and denied. Defendant therefore has no complaint against Intertel and therefore no defense against defendant in its action for payments due under the lease.

Intertel's inability to meet its future service obligations is in the nature of an anticipatory breach of contract. The general rule is that such a breach creates an immediate right of action even though it takes place long before the time prescribed for the promised performance and before conditions specified in the promise have ever occurred. Furthermore, such a breach terminates any duties of the other party. Corbin, **Contracts,** secs. 959 & 975 (1951). However, the doctrine of recovery for anticipatory breach of contract has been rejected in Massachusetts. **Daniels v.**

**Newton,** 114 Mass. 530, 533 (1874); **Nevin v. Ward,** 320 Mass. 70, 73 (1946). But where actions and words indicate more than a mere anticipatory breach, recovery is allowed. **Petrangelo v. Pollard,** 356 Mass. 696, 701-702 (1970). Here, defendant was faced with a letter from the assignee of the lease that the defendant would have to pay for any future servicing himself. The finding by the trial judge that Intertel's inability to perform its servicing obligations allowed defendant to cease payments is warranted. This defense against Intertel would also be good as against the plaintiff-assignee. G.L. c. 106, sec. 9-318.

The plaintiff filed eight requests for rulings, seven of which were denied. One request was for a ruling that "upon all of the evidence a finding for the plaintiff is required." Upon the facts found in this case, the ruling requested could not properly have been given. **Hoffman v. Chelsea,** 315 Mass. 54, 56 (1943). **Whitkin v. Markarian,** 238 Mass. 334, 336 (1921).

The other six requests were all prefaced by words that "upon all the evidence" certain findings would be warranted. These could properly have been given as the findings requested were permissible. One request was the familiar "upon all the evidence a finding for the plaintiff is warranted." This request should have been granted. We feel, however, that the

[3]Section 9-206 reads in part: "Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee..."

[4]Section 9-318 reads in part: "(1) Unless an account debtor has made an enforceable agreement not to assert defenses arising out of a sale as provided in section 9-206 the rights of an assignee are subject to (a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom; and (b) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives notification of the assignment."

320

denials of these rulings were rendered immaterial by the trial judge's special findings of fact. **DiGesse v. Columbia Pontiac Co., Inc.** 369 Mass. 99, 100-102 (1975).

No prejudicial error having been found, the report is ordered dismissed.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Springfield Division and, no prejudicial error having been found,

It is hereby

**ORDERED:** That the Clerk of the Springfield Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

**William T. Walsh, P.J.**
**Greenberg, J.**
**Allan M. Guane, J.**

### COWAN & SONS, INC.
v.
### TOWN LINE, INC., et al.

### No. 293

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

### March 24, 1981

